IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED SEPEHRY-FARD, | |
| Plaintiff, | No. C 13-02784 JSW |
| v. | |
| MB FINANCIAL SERVICES, | **ORDER REGARDING MOTIONS** |
| Defendant. | |

Now before the Court is the motion to dismiss (Docket No. 26) filed by defendant Mercedes-Benz Financial Services USA LLC, erroneously sued as MB Financial Services ("Defendant") as well as the motion to disqualify counsel (Docket No. 36), motion to amend his complaint (Docket No. 37), motion to compel and other discovery motions (Docket Nos. 39, 51, 52, 53, and 55), and motion to challenge jurisdiction (Docket No. 45) filed by plaintiff Fareed Sepehry-Fard ("Plaintiff").[1]  The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted.  *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearings set for January 17, January 24, February 7, and March 14, 2014 are HEREBY VACATED.  The Court will address each motion in turn.

///

///

///

---

[1] Plaintiff also filed a motion to postpone Defendant's motion to dismiss. (Docket No. 54.)  It appears as though Plaintiff is seeking to continue the motion to dismiss because he wants an opportunity to conduct discovery first.  However, discovery is not needed in order to respond to Defendant's motion to dismiss.  Therefore, the Court DENIES Plaintiff's motion to postpone the motion to dismiss.

**BACKGROUND**

Plaintiff disputes that he owes a debt to Defendant on a 2006 Mercedes vehicle. (Compl., Ex. A.) Plaintiff appears to allege that he sent Defendant a "proof of claim" and that Defendant's failure to respond to Plaintiff's request means that Plaintiff no longer owes any debt on the vehicle. (*Id.*, ¶¶ 3, 7-14.) Plaintiff further alleges that Defendant unlawfully sent him collection letters and telephone calls on the debt that no longer existed. (*Id.*, ¶¶ 20-21.) Plaintiff also alleges that Defendant made pre-recorded phone calls to him that were generated by an "automated dialer" and were made without Plaintiff's express consent. (*Id.*, ¶ 23.)

Plaintiff asserts claims for negligence, violation of the Telephone Consumer Protection Act ("TCPA"), violation of California's Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.* (the "UCL Claim"), violation of the Fair Debt Collections Practices Act ("FDCPA"), and for recoupment.

The Court shall address additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.    Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570. If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.    Defendant's Motion to Dismiss.**

  **1.    Plaintiff's Negligence Claim.**

To state a claim for negligence, Plaintiff must allege facts showing: (1) a legal duty of due care; (2) a breach of that duty; (3) causation; and (4) damages. *See, e.g., Williams v.*

3

1  *Beachut Nutrition Corp.*, 185 Cal. App. 3d 135, 141 (1986).  Plaintiff does not allege any facts
2  that, if true, would demonstrate that Defendant breached any duty owed to him.  Plaintiff
3  appears to assert that Defendant's demands for payment were improper because Defendant had
4  "acquiesced to judgment for Plaintiff."  However Plaintiff does not allege any facts that, if true,
5  would demonstrate that he no longer owes any debt on the vehicle.  Moreover, even if Plaintiff
6  could allege that he no longer owes any debt, it is not clear how attempts to collect on such a
7  debt would breach a duty owed to him, and, thus, state a claim for negligence.  The Court notes
8  that under California law, "a financial institution owes no duty of care to a borrower when the
9  institution's involvement in the loan transaction does not exceed the scope of its conventional
10 role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d
11 1089, 1095-96 (1991).  "[L]iability to a borrower for negligence arises only when the lender
12 actively participates in the financed enterprise beyond the domain of the usual money lender."
13 *Id*. at 1096 (internal quotations and citations omitted).  Plaintiff does not allege any facts to
14 show that Defendant's involvement with the loan regarding the vehicle or their efforts to collect
15 on the debt exceeded the convention role of a money lender.  Accordingly, the Court grants the
16 motion to dismiss as to Plaintiff's negligence claim.  Moreover, the Court finds that giving
17 leave to amend on this claim would be futile.

18    **2.    Plaintiff's TCPA Claim.**

19    Defendant argues that Plaintiff's TCPA claim fails because calls made to collect a debt
20 are exempt from this statute.  However, while automated or prerecorded debt collection phone
21 calls placed to residential telephone numbers are exempt from liability under the TCPA, courts
22 have held that the TCPA does not contain the same exemption for debt collection calls placed to
23 cellular telephone numbers.  *See*, *e.g.*, *Iniguez v. The CBE Group*, --- F. Supp. 2d ---, 2013 WL
24 4780785, *5 (E.D. Cal. Sept. 5, 2013); *Sepehry-Fard v. Department Stores National Bank*, 2013
25 WL 6574774, *3 n.4 (N.D. Cal. Dec. 13, 2013); *Mashiri v. Ocwen Loan Servicing, LLC*, 2013
26 WL 5797584, *4 (S.D. Cal. Oct. 28, 2013).

27    Plaintiff alleges that it is unlawful to make a telephone call "using an automatic
28 telephone dialing system or an artificial or precorded voice to any telephone number assigned to

4

a paging service, cellular telephone service." (Compl., ¶ 30.) Plaintiff then alleges that Defendant "violated the Act by placing 14 such calls per week to Plaintiff [*sic*] phone number." (*Id.*)  It is not clear whether Plaintiff is alleging that Defendant used an automatic telephone dialing system *or* an artificial or precorded voice, or both.  Moreover, it is not clear whether Plaintiff is alleging that Defendant made the allegedly offending telephone calls to a paging service telephone number *or* to a cellular telephone, or both.  Although Plaintiff need not plead the facts underlying his TCPA claim with particularity, the Court finds that the allegations supporting his claim are too vague to state a claim.  Accordingly, the Court grants Defendant's motion to dismiss regarding Plaintiff's TCPA claim.

However, because it does not appear futile, the Court will provide Plaintiff with leave to amend to state a TCPA claim to the extent Plaintiff alleges that Defendant made offending calls to a paging service telephone number or to a cellular telephone.  But the Court is not providing leave to amend with respect to any alleged telephone calls made to Plaintiff's residential telephone number because debt collection calls to such numbers are exempt from the TCPA.

### 3. Plaintiff's FDCPA Claim.

Defendant moves to dismiss Plaintiff's FDCPA claim on the grounds that as a creditor seeking to collect its own debt, it is not a "debt collector" under the statute.  The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e.  The statute defines a "debt collector" as: "[A]ny person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts...." 15 U.S.C. § 1692(a)(6).  Creditors that are collecting debts owed to them, and do so using their true business name, are exempt from FDCPA's definition of debt collectors. *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005) (quoting *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir.1998) ("generally, as a matter of law, 'creditors are not subject to the FDCPA.'")  Therefore, Defendant is not

subject to the FDCPA regarding its alleged efforts to collect on the debt owed to itself regarding the vehicle. Accordingly, the Court grants Defendant's motion to dismiss as to the FDCPA claim with prejudice.

### 4. Plaintiff's Recoupment Claim.

Plaintiff also seeks to state a claim for recoupment under the Uniform Commercial Code ("UCC"). However, Plaintiff's factual allegations supporting his purported recoupment claim are incomprehensible. Moreover, based on the sections of the UCC that Plaintiff cites, "UCC 3-305(c) and 3-306, the Court cannot determine what he intended to allege. Section 3-305(c) of the UCC provides:

> in an action to enforce the obligation of a party to pay the instrument, the obligor may not assert against the person entitled to enforce the instrument a defense, claim in recoupment, or claim to the instrument (Section 3-306) of another person, but the other person's claim to the instrument may be asserted by the obligor if the other person is joined in the action and personally asserts the claim against the person entitled to enforce the instrument. An obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument.

This is not an action brought by Defendant to recover the debt owed by Plaintiff so it is not clear how this provision is or could be applicable. Section 3-306 of the UCC provides:

> A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument.

Again, it is just not clear how this provision is or could be applicable. To the extent Plaintiff is seeking to assert a defense to any claim by Defendant to recover the debt owed, Defendant did not bring a claim against Plaintiff. Accordingly, the Court grants the motion to dismiss as to Plaintiff's recoupment claim. However, the Court will provide Plaintiff with an opportunity to allege sufficient facts to state a claim and to clarify the legal theory of this claim.

### 5. Plaintiff's UCL Claim.

Under the UCL, "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th

6

824, 837 (2006); *see also Albillo v. Intermodal Container Services, Inc*., 114 Cal. App. 4th 190, 206 (2003) (to state a UCL claim, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)"). In addition, the UCL "requires that a plaintiff have 'lost money or property' to have standing to sue. The plain import of this is that a plaintiff now must demonstrate some form of economic injury." *Kwikset*, 51 Cal. 4th at 323; *see also* Cal. Bus. & Prof. Code § 17204.

To state a claim based on the unlawful prong, Plaintiff must allege that Defendant's practices are "forbidden by law, be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994). Because the Court finds the Plaintiff fails to allege facts showing a violation any laws or any other claim, Plaintiff has not stated a claim under the "unlawful prong" of the UCL. *See Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App 4th 1544, 1554 (2007) ("a violation of another law is a predicate for stating a cause of action" under unlawful prong).

Unfair simply means any practice whose harm to the victim outweighs any benefits. *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 618 (1996). "The court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1425 n.15 (2002). It is not clear how attempting to collect a debt and/or making automated calls would constitute an unfair practice.

To state a cause of action under the fraudulent prong, it is necessary to allege facts to show that members of the public are likely to be deceived. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).

Plaintiff has not alleged sufficient facts to state a claim under any of the three prongs of the UCL. Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's UCL claim. Moreover, with the exception of the unlawful prong, it is not clear how Plaintiff could amend his complaint to state a UCL claim. If Plaintiff successfully amends his TCPA claim and is able to allege that he lost money or property as a result of Defendant's alleged unlawful activity, he would be able to allege a UCL claim under the unlawful prong. Therefore, the

7

1 Court will provide leave to amend, but this leave is limited to stating a claim under the unlawful
2 prong.

**C.     Plaintiff's Motions.**

Plaintiff seeks to disqualify Defendant's counsel, Byron James Bahr of Cooksey, Toolen, Gage, Duffy and Woog. From what the Court may discern from Plaintiff's motion, Plaintiff appears to accuse Mr. Bahr of falsely testifying when he argues on behalf of Defendant that Plaintiff owes Defendant money. However, the fact that Plaintiff disagrees with Defendant's position does not mean that Defendant's counsel is making false statements or that Defendant's counsel is violating any professional codes of conduct. Because Plaintiff has not provided a valid basis for disqualifying Defendant's counsel, the Court denies this motion.

Plaintiff moves for leave to amend to add new defendants. Federal Rules of Civil Procedure 15(a) provides that leave to amend "shall be freely given." *See* Fed. R. Civ. Proc. 15(a). Courts consider the following factors when determining whether a motion for leave to file an amended complaint should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, each factor is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* Here, plaintiff does not state what conduct related to his claims the new requested defendants allegedly engaged in or provide any other basis to hold these requested new defendants liable. Accordingly, the Court denies Plaintiffs motion for leave to amend as futile.

Plaintiff brings a motion that he captioned "motion for challenge of jurisdiction." However, Plaintiff does not appear to challenge the Court's jurisdiction to hear this matter. Instead, Plaintiff appears to be arguing that Defendant does not have any valid evidence regarding the note and the debt owed. This is not a proper motion challenging jurisdiction. Accordingly, this motion is denied.

Plaintiff also brings various motions regarding discovery. These motions were filed in violation of this Court's Standing Order regarding discovery disputes, which requires that all

8

requests for discovery relief must be summarized jointly by the parties in a letter brief in no longer than four pages. (Standing Order ¶ 7.) Accordingly, the Court STRIKES Plaintiff's motions regarding discovery, including the motions to compel and the motion for expedited discovery. The Court FURTHER ORDERS that pursuant to Civil Local Rule 72-1, this action is referred to a randomly assigned magistrate judge for resolution of all discovery matters.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. The Court is providing Plaintiff with leave to amend his TCPA claim with respect to any allegedly offending calls made to a paging service telephone number or to a cellular telephone, his UCL claim under the unlawful prong, and the claim he intended to bring and labeled as a recoupment claim in order to clarify the facts and the legal basis of such claim. Plaintiff shall file his amended complaint, if any, by **February 7, 2014**. If Plaintiff files an amended complaint in accordance with this Order, Defendant shall either file an answer or move to dismiss within twenty days of service of the amended complaint. If Plaintiff does not amend his complaint, this action will be dismissed with prejudice.

The Court STRIKES all of Plaintiff's motions regarding discovery and DENIES the remainder of Plaintiff's pending motions. The Court REFERS this action to a randomly assigned magistrate judge for resolution of all discovery matters.

**IT IS SO ORDERED.**

Dated: January 13, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Referral Clerk

9