UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br>   Plaintiff,<br>  v.<br>MB FINANCIAL SERVICES,<br>   Defendant. | Case No. 13-cv-02784-JSW   (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 63, 65 |

  On February 5, 2014, Plaintiff Fareed Sepehry-Fard ("Plaintiff") filed a "Letter Re: 'Meet and Confer' and Alleged Defendant Unwillingness to Provide Interrogatories, Documents and Things," without providing Defendant sufficient time to respond or prepare its portion of the letter. Pl.'s Ltr., Dkt. No. 63.  In the letter, Plaintiff states that the parties were unable to resolve their discovery dispute during a lengthy telephonic meet and confer on February 3, 2014, and he now seeks production of documents and interrogatory responses from Defendant.  *Id.*  Defendant MB Financial Services USA ("Defendant") filed a response to Plaintiff's letter on February 10, 2014.  Def.'s Ltr., Dkt. No. 65.

  As a threshold matter, Plaintiff's letter does not comply with this Court's January 23, 2014 Order setting forth the procedure to resolve disputes after an unsuccessful telephonic meet and confer session.  Order, Dkt. No. 61.  Specifically, the Order required Plaintiff to provide Defendant with "a draft joint letter in compliance with the undersigned's Discovery Standing Order," and to allow Defendant to provide its portion of the letter "within seven calendar days of receipt of Plaintiff's draft."  *Id.*  Instead, Plaintiff provided his portion of the joint letter to Defendant on February 4, 2014, and demanded that Defendant respond by February 5, 2014, or he would unilaterally file his portion of the letter with the Court.  Pl.'s Ltr.at 4.  Plaintiff is advised that further letters must comply with the joint letter briefing requirements.

Turning to the issues raised in the letter, Plaintiff first requests an affidavit or stipulation seeking admissions from Defendant's attorney regarding certain issues. *Id* at 1-4. However, Plaintiff is not entitled to seek affidavits or admissions from Defendant's counsel. Accordingly, this request is DENIED.

Plaintiff next requests various documents pertaining to loan records for Plaintiff's vehicle. *Id*., Ex. A. Plaintiff first demands the "original wet ink signature promissory note." *Id*. Defendant objects on the basis that the term "promissory note" is too ambiguous. Def.'s Ltr., Ex. A. Given that the subject matter of this case is whether the note on Plaintiff's vehicle has been paid in full, the request reasonably appears to request the original note evidencing the loan on the vehicle. Accordingly, Plaintiff's request is GRANTED.

Plaintiff then requests seven categories of items pertaining to the servicing and payment history of the loan. Categories A through F seek information regarding "credit default swaps," "other insurance payouts," "yield spread premiums," "tax write offs," "cross collaritization," and "other payments such as TARP, but not limited to TARP." Pl.'s Ltr., Ex. A. The last category seeks "GAAP accounting, double entry accounting general ledger showing **all** credits and debits." *Id*. (emphasis in original). Defendant contends that the terms are ambiguous because Plaintiff has failed to define them, and it cannot discern what items it must provide. Def.'s Ltr., Ex. A. Defendant also states that the requested items are not likely to lead to the discovery of relevant information. *Id*.

According to his Complaint, Plaintiff disputes that he owes a debt to Defendant on a 2006 Mercedes vehicle. Compl., Dkt. No. 1. Plaintiff's claims appear to be based on allegations that he sent Defendant a "proof of claim," and that Defendant's failure to respond to Plaintiff's request means that he no longer owes any debt on the vehicle. *Id*., ¶¶ 3, 7-14. For this reason, the Court finds that an accounting of Plaintiff's payment history is relevant to his claims. To the extent Plaintiff is requesting a copy of the general ledger showing his account history with Defendant, including all credits and debits made to his account, this request is reasonable, and the Court ORDERS Defendant to produce it. To the extent that Plaintiff requests further items related to the accounting or servicing history of the loan, Plaintiff may serve revised requests for production

2

1  which define each item with particularity.  Accordingly, Plaintiff's request that Defendant produce
2  those items is DENIED WITHOUT PREJUDICE.
3  **IT IS SO ORDERED.**

Dated: March 14, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge