1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5                                SAN JOSE DIVISION

6

7   FAREED SEPEHRY-FARD,                    Case No.  13-cv-02784-BLF

        Plaintiff,

8

        v.                                  ORDER GRANTING MOTION TO
9                                           DISMISS FIRST AMENDED
                                            COMPLAINT WITH LEAVE TO
10  MB FINANCIAL SERVICES,                  AMEND; STRIKING PLAINTIFF'S
                                            MAY 21, 2014 MOTION
        Defendant.
11
                                            [Re:  ECF Nos. 66, 84]
12

13          Before the Court is a motion to dismiss the first amended complaint filed by Defendant

14   Mercedes-Benz Financial Services USA LLC, erroneously sued as MB Financial Services,

15   ("Defendant") on February 25, 2014, (Def.'s Mot., ECF 66), as well a "Motion to Claim and

16   Exercise Constitutional Rights" filed by Fareed Sepehry-Fard ("Plaintiff") on May 21, 2014, (Pl.'s

17   Mot., ECF 84).  Defendant's motion to dismiss is presently set for hearing on June 5, 2014;

18   Plaintiff has noticed his motion to be heard on the same day.  After considering the parties' written

19   submissions, the Court finds that both matters are appropriate for disposition without oral

20   argument.  Accordingly, and pursuant to Civil Local Rule 7-1(b), the Court hereby VACATES the

21   hearing set for June 5, 2014 and addresses each of the parties' motions in turn.

22   I.     FACTUAL AND PROCEDURAL BACKGROUND

23          Plaintiff, proceeding *pro se*, filed the instant lawsuit on June 18, 2013 alleging claims

24   against Defendant for negligence, violation of the Telephone Consumer Protection Act of 1991

25   ("TCPA"), violation of California's Unfair Competition Law, California Business and Professions

26   Code sections 17200, *et seq.* ("UCL"), violation of the Fair Debt Collections Practices Act

27   ("FDCPA"), and for recoupment.  (Orig. Compl., ECF 1)  On January 13, 2014, following briefing

28   Case No. 13-cv-2784-BLF
     ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
     STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

United States District Court
Northern District of California

United States District Court
Northern District of California

1  by the parties, the Court dismissed Plaintiff's original complaint with leave to amend three out of

2  the five claims.  (Order Re Mots., ECF 59)  Specifically, the Court allowed Plaintiff to file an

3  amended complaint (1) "to state a TCPA claim to the extent Plaintiff alleges that Defendant made

4  offending calls to a paging service telephone number or to a cellular telephone," (*id.* 5:10-12); (2)

5  "to allege sufficient facts to state a claim and to clarify the legal theory" of Plaintiff's recoupment

6  claim, (*id.* 6:24-25); and (3) to "allege a UCL claim under the unlawful prong" to the extent

7  "Plaintiff successfully amends his TCPA claim and is able to allege that he lost money or property

8  as a result of Defendant's alleged unlawful activity," (*id.* 7:26-28).

9          On February 6, 2014, and in accordance with the Court's order, Plaintiff filed the operative

10  First Amended Complaint ("FAC") re-pleading his TCPA, recoupment, and UCL claims.  (FAC,

11  ECF 64)  Defendant now moves to dismiss Plaintiff's FAC.  (Def.'s Mot., ECF 66)  Plaintiff filed

12  a timely opposition brief, (Pl.'s Opp., ECF 67), and Defendant did not reply.  Plaintiff filed a

13  separate motion on May 21, 2014 seeking to "claim and exercise constitutional rights."  (Pl.'s

14  Mot., ECF 84)

15  **II.     LEGAL STANDARDS**

16          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

17  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200

18  (9th Cir. 2003).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable

19  legal theory" or on "the absence of sufficient facts alleged."  *Balistreri v. Pacifica Police Dept.*,

20  901 F.2d 696, 699 (9th Cir. 1988).

21          To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted

22  as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the

23  misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The emphasis is on *factual*

24  pleadings, as a pleading that offers "labels and conclusions," "a formulaic recitation of the

25  elements of a cause of action," or "naked assertions devoid of further factual enhancement" will

26  not do.  *Id.* (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

27

28  Case No. 13-cv-2784-BLF
    ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
    STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

2

1    In assessing the sufficiency of the pleadings, the Court "accept[s] *factual* allegations in the

2    complaint as true and construe[s] the pleadings in the light most favorable to the non-moving

3    party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)

4    (emphasis added).  However, the court is not required to accept as true "allegations that are merely

5    conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec.*

6    *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Clegg v. Cult Awareness Network*, 18 F.3d

7    752, 754-55 (9th Cir. 1994).

8    "A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however

9    inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

10   lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

11   106 (1976)).  However, *pro se* pleadings must still allege facts sufficient to allow a reviewing

12   court to determine whether a claim has been stated.  *See Ivey v. Bd. of Regents of Univ. of Alaska*,

13   673 F.2d 266, 268 (9th Cir. 1992).

14   If a motion to dismiss is granted, a court should normally grant leave to amend, "even if no

15   request to amend the pleading was made," unless amendment would be futile.  *Lopez v. Smith*, 203

16   F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations omitted).

17   **III.    DISCUSSION**

18   **A.    The FAC is the Operative Pleading**

19   As a preliminary matter, the Court notes that the FAC, though thirteen pages long, contains

20   few factual allegations.  Instead, the FAC appears to be styled as a "Memorandum of Points and

21   Authorities" with numerous legal arguments.  (FAC 2:8)  In certain paragraphs, the FAC

22   references the "complaint"—which the Court assumes refers to the original complaint—to support

23   Plaintiff's argument that he has sufficiently pled his TCPA, recoupment, and UCL claims.  (*See,*

24   *e.g.*, FAC ¶¶ 11, 16)

25   An amended complaint must be a complete document in and of itself, and may not refer

26   the reader to exhibits or allegations contained in an earlier version of the pleading.  *See* Civ. L.R.

27

3

28   Case No. 13-cv-2784-BLF
     ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
     STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

United States District Court
Northern District of California

United States District Court
Northern District of California

1  10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed

2  pleading and may not incorporate any part of a prior pleading by reference."); *see also Loux v.*

3  *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter

4  being treated thereafter as non-existent.").  Thus, in deciding the issues raised in Defendant's

5  motion to dismiss, the Court will only consider the facts pled in the FAC, the papers filed by the

6  parties in support of and opposition to the motion, and any outside facts or documents that may

7  normally be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6).[1]

8    **B.    Plaintiff's TCPA Claim**

9    To state a claim under the TCPA, Plaintiff must allege the following elements: (1) the

10  defendant called a cellular telephone number;[2] (2) using an automatic telephone dialing system

11  ("ATDS") or artificial or prerecorded voice call; (3) without the recipient's prior express consent.

12  *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *see also* 47

13  U.S.C. § 227(b)(1).  Courts in this district require more than a bare assertion of these elements,

14  looking instead to the plaintiff's factual allegations to determine whether a TCPA claim can be

15  sustained.  *See Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)

16  (concluding that *facts*, not conclusory allegations, supported inference that ATDS had been used);

17  *see also Sepehry-Fard v. Dep't Stores Nat'l Bank,* Case No. 13-cv-03131-WHO, 2014 WL

18  595067, at *2-3 (N.D. Cal. Feb. 14, 2014); *Kazemi v. Payless Shoesource, Inc.*, 2010 WL 963225,

19  at *2 (N.D. Cal. 2010).

20    As noted above, Plaintiff was given leave to amend his TCPA claim and related UCL

21

22  [1] Generally, a Court may consider exhibits attached to the complaint, documents incorporated by
reference into the complaint, and judicially noticeable facts without converting a Rule 12(b)(6)
23  motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Coto Settlement v.
Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th
24  Cir. 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

25  [2] As noted in the Court's previous order, debt collection calls are exempt from TCPA liability
when made to an individual's residential phone.  (Order re Mots. 4:20-26)  As such, Plaintiff was
26  granted leave only to pursue a claim with respect to alleged calls made to Plaintiff's paging service
telephone or cellular telephone number.  (*id.* 5:10-14)

27

28  4
Case No. 13-cv-2784-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

1    claim because the factual allegations in his original complaint were too vague to state a claim.

2    (Order Re Mots., 5)  The Court provided Plaintiff with clear guidance on the pleading

3    requirements.  Defendant contends that Plaintiff has again failed to plead sufficient facts in the

4    FAC to state a TCPA claim.  (Def.'s Mot. 5-6)  The Court agrees.

5          In the FAC, Plaintiff alleges that Defendant violated the TCPA by "mak[ing] offending

6    telephone calls using *both* an [ATDS] *and* an artificial or prerecorded voice call to Plaintiff's

7    cellular phone number," and that he received "14 such calls per week for a period approximately 3

8    months from March of 2013 to June of 2013."  (FAC ¶ 5 (emphasis added))  Plaintiff does not

9    plead facts in the FAC explaining why he believes that Defendant made the offending calls, nor

10   does he describe the date, timing, or specific content of any of these calls, or why he believes that

11   they were artificial or prerecorded.  Although Plaintiff need not allege details about each offending

12   call, *Kramer*, 759 F. Supp. 2d 1165, at 7712, Plaintiff's current factual allegations provide no

13   notice to Defendant about its alleged unlawful conduct.[3]  Thus, the Court cannot reasonably infer

14   from the sparse factual allegations that Defendant is liable for the offending use of an ATDS.

15         Plaintiff's opposition brief does not address any of Defendant's arguments, but Plaintiff

16   does appear to argue in the FAC that calls with a specific type of content, when considered in the

17   "context in which it was received, and the existence of similar messages" can "raise an inference

18   that an ATDS was used."  (*Id.* ¶ 6)  Such content includes messages such as "please call back and

19   speak with our representative with reference number XXXX;" or "please call back, this is an

20   important message, do not hang up;" or "we need to speak with you urgently."  (*Id.*)  While this

21   proposition may be true, it is not clear whether Plaintiff is alleging that he received the messages

22   described in Paragraph 6 of the FAC, or whether he is just describing the types of messages that

23

24   [3] *See Abbas v. Selling Source, LLC*, Case No. 09-CV-3413, 2009 WL 4884471 (N.D. Ill. Dec. 14,
     2009) (finding fair notice to defendant is "particularly necessary [] because [plaintiff] seeks

25   recovery for each violation of the TCPA").  Further, requiring Plaintiff to add factual enhancement
     concerning the content and timing of the alleged calls does not unduly burden Plaintiff, as such

26   facts are "easily available to [him] on the basis of personal knowledge and experience." *Johansen
     v. Vivant, Inc.*, Case No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

27

28
     Case No. 13-cv-2784-BLF
     ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
     STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1 would support an inference that an ATDS had been used.  Even assuming that Plaintiff had

2 received such messages, the quoted content is not in the nature of an impersonal advertisement.

3 Construing all of Plaintiff's allegations liberally, and as a whole, Plaintiff's assertion that he was

4 called 14 times a week—about twice a day—with messages asking him to call back due to an

5 urgent need to speak with him fails to support an inference that the calls were generated by an

6 ATDS as opposed to the alternative inference that Plaintiff received a customer specific call

7 through human agency.[4]  *See Gragg v. Orange Cab Co., Inc.*, Case No. C-12-0576 RSL, 2013 WL

8 195466, at *2 (W.D. Wash. Jan. 17, 2013).

9       As such, the factual allegations in the FAC are insufficient to support Plaintiff's TCPA

10 claim.[5]  However, due to the vagueness of Plaintiff's allegations concerning the content of the

11 messages he received, (FAC ¶ 6), the Court will give Plaintiff leave to amend in order to more

12 specifically allege those facts.  Plaintiff is reminded that any amended complaint must stand on its

13 own and contain *facts* from which it can be inferred that the offending calls came from Defendant,

14 and that an ATDS or prerecorded voice call was used.  Plaintiff's TCPA claim is therefore

15 DISMISSED with leave to amend.

16       **C.**     **Plaintiff's Recoupment Claim**

17       Plaintiff was given leave to amend in order to clarify the legal theory of his recoupment

18 claim because the claim in the original complaint was "unintelligible."  (Order re Mots. 6)

19 Defendant maintains that Plaintiff's recoupment claim is still largely unintelligible, (Def.'s Mot.

20

21   [4] It is unclear from the face of the FAC whether Plaintiff and Defendant had a prior relationship
such that Defendant would have had a reason to call Plaintiff.  *C.f. Kramer*, 759 F. Supp. 2d 1165,

22 at 1171 (plaintiff's lack of reason to be in contact with defendants identified as factor supporting
inference that defendants had used ATDS).  The Court notes that Plaintiff has previously alleged

23 that he communicated with Defendant to dispute a debt owed on a 2006 Mercedes.  (Orig. Compl.
¶¶ 4-20; *see also* Order re Mots., 2)

24

25   [5] Plaintiff asserts repeatedly that he asked Defendant to "cease and desist" calling.  (FAC ¶¶ 5, 7,
11)  Plaintiff's desire to be left alone is understandable, but the TCPA only prohibits the use of an

26 ATDS or prerecorded voice call without express consent, and there is no claim under the TCPA if
Defendant called Plaintiff twice a day by physically dialing his phone number each time.  Thus, it

27 is because the facts alleged do not lend support to the contention that the allegedly offending calls
were made through use of an ATDS or prerecorded voice call that Plaintiff's pleading fails.

                                     6

28 Case No. 13-cv-2784-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

1   7), and the Court agrees.[6]   The allegations pertaining to Plaintiff's recoupment claim appear to be

2   mostly legal argument about the three Uniform Commercial Code ("UCC") provisions that

3   Plaintiff cites and an account of Plaintiff's discovery meet and confer with counsel for Defendant.

4   (FAC ¶¶ 15-20)   The few factual allegations that can be gleaned from the FAC suggest that

5   Plaintiff seeks recovery of money that, "through constructive fraud, Defendant has collected []

6   from Plaintiff for which Defendant is a complete stranger to Plaintiff."   (FAC ¶ 16)

7   To the extent Plaintiff seeks to maintain a claim for "recoupment" under the UCC, the

8   claim is still unintelligible, and the facts that Plaintiff alleges do not give rise to legally cognizable

9   claims under the UCC sections that Plaintiff cites.[7]   Plaintiff was given an opportunity to amend

10   and failed to plead a comprehensible claim for "recoupment."   As such, Plaintiff's recoupment

11   claim based on UCC Sections 3-305, 3-306, and 9-404a is DISMISSED with prejudice.[8]

12   It appears that Plaintiff may be advancing a constructive fraud theory for the first time in

13   the FAC.   Plaintiff was not previously given leave to assert any new claims.   Moreover, Plaintiff

14   has failed to allege the elements of a constructive fraud cause of action, particularly with respect to

15   the existence of a fiduciary relationship between Defendant and Plaintiff.   *See generally* 5 Witkin,

16   Cal. Proc. 5th (2008) Plead, § 717, p. 133 ("Constructive fraud depends on the existence of a

17

18   [6] Recoupment is generally analogized to an affirmative defense or counterclaim against a plaintiff's claim for recovery, where the recoupment claim arises out of the same transaction and is

19   made for the purpose of abatement or reduction of a plaintiff's claim.   *See, e.g.*, *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996).   It is unclear what basis, if any,

20   Plaintiff has for seeking recoupment from Defendant when Defendant has not asserted any claim for recovery against Plaintiff.   However, the Court will look past the label on the claim to

21   determine whether Plaintiff's factual allegations support a plausible claim for relief.

22   [7] Plaintiff cites UCC 3-305, which describes "Defenses and Claims in Recoupment" and concerns the rights and limitations of a party seeking to enforce payment of an obligation; UCC 3-306,

23   which deals with claims to an instrument of a party that is not a holder in due course; and UCC 9-404a concerns the rights of assignees with respect to an account debtor.   None of these provisions

24   give rise to affirmative causes of action under the facts alleged in this case, as Plaintiff is not seeking to enforce an instrument or obligation, and Defendant has not asserted any enforcement

25   claims against Plaintiff.

26   [8] *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

27

28   Case No. 13-cv-2784-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

United States District Court
Northern District of California

1  fiduciary relationship of some kind, and this must be alleged.").[9]  If Plaintiff wishes to assert a

2  new claim based on constructive or actual fraud, Plaintiff must file a motion for leave to add such

3  a claim, along with any proposed factual allegations that would support such a claim.

4      **D.**    **Plaintiff's UCL Claim**

5      Plaintiff's UCL claim necessarily relies upon the existence of a properly pled TCPA claim.

6  (Order Re Mots., 7-8)  Because the Court has determined that Plaintiff's TCPA claim must be

7  dismissed with leave to amend, the Court will also DISMISS Plaintiff's UCL claim with leave to

8  amend.

9      Plaintiff is reminded, however, that standing to maintain a UCL claim requires a showing

10  of an *economic* injury caused by the unlawful conduct.  Cal. Bus. & Prof. Code § 17204 (actions

11  for relief under UCL shall be prosecuted exclusively "by a person who has suffered injury in fact

12  and has lost money or property as a result of the unfair competition"); *see also Kwikset v. Super.*

13  *Ct.*, 51 Cal. 4th 310, 322 (2011).  For example, a plaintiff may be economically injured by unfair

14  competition when the plaintiff may "(1) surrender in a transaction more, or acquire in a transaction

15  less, than he or she otherwise would have; (2) have a present or future property interest

16  diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4)

17  be required to enter into a transaction, costing money or property, that would otherwise have been

18  unnecessary." *Kwikset*, 51 Cal. 4th at 323.  While the California Supreme Court has noted that

19  there are "innumerable ways in which economic injury from unfair competition may be shown,"

20  *id.*, the injury must still be economic in nature.  Thus, Plaintiff must allege that he has lost *money*

21  *or property*.  Further, as Plaintiff was only given leave to amend his UCL claim based on a

22  properly pled TCPA violation, any alleged loss of money or property must be attributable to the

23  alleged TCPA violation.

24

25  [9] To the extent Plaintiff is alleging common law fraud, Plaintiff's factual allegations  do not satisfy
the heightened pleading requirement for fraud.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake,

26  a party must state with particularity the circumstances constituting fraud or mistake."); *Ebeid ex*

27  *rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (plaintiff must allege circumstances
constituting fraud and the "who, what, when, where, and how of the misconduct charged").

8

28  Case No. 13-cv-2784-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

1       Here, Plaintiff alleges "constant fear and anxiety due to Defendant's UCL violation based

2  on the unlawful prong as it relates to Defendant's TCPA violation." (FAC ¶ 26)  Although

3  Plaintiff asserts that Defendant has "economically damaged" him, (*id.* ¶ 24), Plaintiff does not

4  identify any loss of money or property caused by Defendant's alleged violation of the TCPA.

5  Rather, Plaintiff alleges that he suffers from "sever [sic] anxiety, shortness of breath, fear . . . ,

6  headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy

7  loss, relationships affected, reputation affected and stomach pain." (*Id.*)  Further, Plaintiff alleges

8  that the cause of his injuries is "not limited to Defendant's TCPA violation such as for example

9  Defendant's agent tress passing [sic] Plaintiff's real property and threatening Plaintiff with

10  physical harm, Plaintiff's efficiency has been substantially reduced to about 5%." (*Id.* ¶ 26)

11       Taking these allegations as true, Plaintiff has not pled any economic injury, nor has he pled

12  any injury that is clearly attributable to Defendant's alleged violation of the TCPA.  When

13  Plaintiff amends his complaint, the amendment should be limited to *economic* injuries that are

14  directly and clearly attributable to Defendant's alleged violation of the TCPA.

15      **E.**    **Plaintiff's May 21, 2014 Motion**

16       Plaintiff filed a motion on May 21, 2014 titled "Judicial Notice and Motion to Claim and

17  Exercise Constitutional Rights and Require the Presiding Judge to Rule on This Motion, and All

18  Public Officers of This Court to Uphold Said Rights." (Pl.'s Mot., ECF 84)  Upon review of the

19  motion, Plaintiff appears to be seeking an acknowledgment of his constitutional rights as well as a

20  judgment against Defendant as a matter of law.  Plaintiff has not identified any legal basis upon

21  which he is entitled to the relief requested, nor is the Court aware of any.  Accordingly, the Court

22  finds that further briefing on the motion is not required, and STRIKES Plaintiff's motion.[10]

23

24  [10] The Court notes further that although Plaintiff noticed the motion to be heard on June 5, 2014,
he did not reserve that hearing date as required by the Court's standing orders.  Additionally, the

25  time from filing of the motion to hearing date would fall far short of that required by Civil Local
Rule 7-2.  Failure to comply with the local rules or applicable standing orders is alone sufficient

26  grounds to strike Plaintiff's motion.  Civ. L.R. 1-4.  Plaintiff is reminded that future filings that do
not comply with the local rules or applicable standing orders of the Court may be similarly

27  stricken or summarily denied.

9

28  Case No. 13-cv-2784-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
STRIKING PLAINTIFF'S MAY 21, 2014 MOTION

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is hereby GRANTED.  Plaintiff is granted leave to amend his TCPA claim with respect to allegedly offending calls made to his cellular phone by Defendant and his UCL claim under the unlawful prong.  Plaintiff's claim for "recoupment" based on the UCC is DISMISSED with prejudice.  The Court STRIKES Plaintiff's May 21, 2014 motion for relief.

Plaintiff shall have until **June 13, 2014** to file an amended complaint.  Any new claims may only be added with leave of court, following consideration of an appropriately filed motion.

**IT IS SO ORDERED.**

Dated: May 23, 2014

_____
BETH LABSON FREEMAN
United States District Judge

10

Case No. 13-cv-2784-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;
STRIKING PLAINTIFF'S MAY 21, 2014 MOTION