1  Fareed :Sepehry-Fard
   12309 Saratoga Creek Dr.
2  Saratoga, California, [95070]
   Phone Number (408) 690-4612

**FILED**

3  Sui Juris

JUN 1 3 2014

4

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

5  Fareed Sepehry-Fard

CASE NO: CV13-02784 BLF (MEJ)

6

**PLAINTIFF'S SECOND AMENDED**
**COMPLAINT**

7
                    Plaintiff,
8

9        vs.

Judge: Hon. Beth Labson Freeman
Date:

10       MB FINANCIAL SERVICES

Time:
Dept:  11

11

12  And Does 1-100

13

14

15

16  Defendant

17

18  **NOTICE TO AGENT IS NOTICE TO PRINCIPLE AND NOTICE TO PRINCIPLE IS**
    **NOTICE TO AGENT**

19

20       **PLEASE TAKE NOTICE** of Plaintiff Fareed :Sepehry-Fard's, *Self Represented non*

21  *attorney*, a Sovereign American Citizen and California Citizen ("Plaintiff")  making a special limited

22  appearance Second Amended Complaint ("SAC") against alleged Defendant Mercedes-Benz

23  Financial Services USA LLC allegedly erroneously sued as MB Financial Services ("Defendant")

24  based on all  papers on file, any and all other materials that may be presented to court during, before

25  or after the hearing , all oral arguments and also based on the following grounds:

    **Background and summary of facts:**

26

27

28

1

1.   The court on June 9, 2014 issued an order [see Dckt. No. 87], where the court confirmed that "*Every judge of the United States takes the oath of office swearing to administer justice and uphold the Constitution and the laws of the United States, as has this court. 28 U.S.C. § 453.*"

2.   Plaintiff thanks the honorable court for confirmation of judge's Oath of office and its requirements according to rule of law.

3.   Per Dckt. No. 85, the court issued an order where the court dismissed some of Plaintiff's causes of actions (COA) with prejudice and others without prejudice allowing Plaintiff to amend those claims.

4.   Accordingly, Plaintiff is amending his complaint on the COA that the court dismissed without prejudice subject to the memorandum of points and authorities corroboratively articulated below and all of Plaintiff's papers in court of records.

5.   Moreover, Plaintiff reserves the right to file another motion pursuant to Rule 60 (b) and/or any other possible relief regarding Plaintiff's COA that the court dismissed with prejudice and obtain leave of court to amend Plaintiff's complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

6.   Pursuant to judge's Oath of Office:

7.   In any controversy, there must be at least two parties with capacities to be there.

8.   There must be affidavits signed and notarized under penalty of perjury, testimony from competent facts witness(es) with the first hand knowledge of the facts of the case.

9.   What this means is that no court [pursuant to judge's Oath] can issue an order before and foremost acquiring jurisdiction over parties and subject matter.

10. This acquisition of jurisdiction over parties and subject matter must be continuous throughout the proceedings.

11. Plaintiff as a man of Republic of California has appeared in court with the first hand knowledge of the facts of the case and have filed his complaint in court of records.

12. What this means, is that the court must by law *Sua Sponte* order the alleged Defendant to appear in court of records by and through affidavits under the penalty of perjury from competent fact witnesses with the first hand knowledge of the facts of the case OR the court by law must enter default for Plaintiff and award of Plaintiff's damages as a matter of law [it is not up for debate]. Plaintiff considers this matter closed and sealed if the amount of Plaintiff's damages are paid which

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

is $9,000,000. There is no other party who has appeared in court of records except Plaintiff, therefore Plaintiff's claimed damages must be paid to Plaintiff as a matter of law since there is no competent fact witness with the first hand knowledge of the facts of the case that has ever rebutted Plaintiff's claims point for point, BAHR does not count since BAHR is just a hear say substitute, once again, alleged Defendant has no legal rights since it has not appeared in court and has waived all its rights [if it had any] because it never appeared in court.

13. BAHR is well aware that alleged Defendant has harmed Plaintiff and damages are due to Plaintiff, BAHR's job [it seems] is to hide the fraud that has taken place abusing color of law [against U.S.C Title 42 §§ 1983 & 1985 potentially Title 18 §§ 241 and 242, implicated].

14. Since alleged Defendant has not appeared in court of records with the first hand knowledge of the facts of the case thereby depriving the court from In Personam jurisdiction. Court has no other alternative but to award Plaintiff's damages [it is not up for debate per judge's Oath of Office which the judge confirmed to Plaintiff that the judge has, see Dckt. No. 87]. So, Plaintiff appeared in court on limited and special basis for court to acquire jurisdiction over parties, Plaintiff is the only one who is competent fact witness who has also appeared in court of records. The only lawful action that the court can do is to award of Plaintiff's damages [$9,000,000] since no one is rebutting Plaintiff's claims and there is no one with a legal right to oppose to Plaintiff's complaint, or file a motion to dismiss Plaintiff's complaint since there is no privity between Plaintiff and the alleged Defendant. Mr. BAHR's contention is falsely attempting to create a false air of privity between alleged Defendant and Plaintiff. Privity between alleged Defendant and Plaintiff must be proven based on facts on the court of records and can not be assumed. Court also does not have the jurisdiction to assume that alleged Defendant appeared in court and therefore adjudicate alleged Defendant's motion to dismiss, and subsequently rule on sufficiency or insufficiency of Plaintiff's complaint.

15. This case never got of the gate since no competent fact witness appeared on behalf of alleged Defendant on and for the court of records.

16. Accordingly, before any adjudication by court as to sufficiency or insufficiency of Plaintiff's complaint is concerned, the alleged Defendant must appear in court as a matter of law.

17. The court will be acting without jurisdiction if the court moves forward without acquiring jurisdiction over parties, since alleged Defendant has not appeared in court of records, the court has no other alternative but to award of Plaintiff's damages or give 30 days to alleged Defendant to

3

appear in court through affidavits, testimony from competent fact witnesses with the first hand knowledge of the facts of the case. And if alleged Defendant won't [and it can not], then the court must award Plaintiff's damages with prejudice as a matter of law independent of sufficiency or insufficiency of Plaintiff's complaint since there must be privity or legal right for alleged Defendant to appear before the court, since there is no privity between alleged Defendant and Plaintiff then the court can not do anything else but to award of Plaintiff's damages.

18. Stated differently, alleged Defendant can not move to dismiss Plaintiff's complaint without a competent fact witness with the first hand knowledge of the facts of the case. By court's allowing alleged Defendant an opportunity to motion the court to dismiss Plaintiff's complaint, court's is assuming that BAHR is the witness which immediately removes the jurisdiction to adjudicate the case, court must order alleged Defendant first and foremost to appear in court before it can adjudicate any alleged Defendant's motion such as but not limited to Defendant's motion to dismiss.

19. Plaintiff has alleged that the alleged copy of the contract that BAHR provided is forged, is not backed up by any affidavit and testimony as to its truthfulness. Moreover, even if the alleged contract [see Exhibit N, a copy is provided due to inability of Plaintiff's access to the original wet ink signature that BAHR provided which Plaintiff alleged even that is forged] was true and correct [when it is not], that still is not prove of privity between Plaintiff and alleged Defendant.

**20.** UCC makes it clear, there must be an offer [and there is none], Plaintiff must have accepted that offer [when Plaintiff has not accepted that offer] and there must be for value consideration [when there is no for value consideration] which means prove of payment by alleged Defendant for Plaintiff's car. In fact, alleged Defendant have multiple times acquiesced to Plaintiff that there was never ever any loan for Plaintiff's car and in a recent submission to court, alleged attorney for alleged Defendant signed a declaration under penalty of perjury that alleged Defendant is not the holder in due course, the damaged party and party of interest, [see Exhibit I] So the court has no alternative but to award Plaintiff's damages and Plaintiff will seek to amend the complaint as the court puts it, so that Plaintiff is not requesting a relief in vacuum. **However, Plaintiff believes that the court has the jurisdiction to award Plaintiff's damages since both Plaintiff and alleged Defendant have affidavits in court of record that Plaintiff is damaged and alleged Defendant declaring under the penalty of perjury that alleged Defendant is not holder in due course, damaged party and party of interest, [see Exhibits A-G and I-L, inclusive].**

4

21. Alleged Defendant has repeatedly refused to provide for the actual wire transfer, wire transfer instructions, ACH confirmation, cancelled check or check 21 confirmation together with GAAP accounting and accounting general ledger from the master servicer incorporating all payments that master servicer received on behalf of Plaintiff's note and security and for Plaintiff's note and security from TARP, CDSs, Yield Spread Premiums, other insurance payouts, cross collaritization of Plaintiff's note and security, tax write offs but not limited to these that alleged Defendant received, therefore alleged Defendant has once again failed to provide proof of privity between Plaintiff and alleged Defendant, Plaintiff has specifically denied that alleged Defendant paid a single cent for Plaintiff's car.

22. Since jurisdiction is fundamental, and it is jurisdiction alone that gives a court power to hear, determine, and pronounce judgment on the issues before it, **jurisdiction must be <u>continuing</u>** in the court **throughout the proceedings.** *County of Ventura v. Tillett, supra, 133 Cal. App. 3d 105, "Since a court of this state does not have jurisdiction to render a judgment that violates the California Constitution or the Constitution of the United States [1], the defendant's argument is, essentially, that the superior court's judgment was in excess of jurisdiction. (Code Civ. Proc., § 410.10; Yoakum v. Small Claims Court (1975) 53 Cal. App.3d 398, 401-402 [125 Cal.Rptr. 882];Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715].) [2] A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant. (Becker v. S.P.V. Construction Co. (1980) 27 Cal. 3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; Jones v. World Life Research Institute (1976) 60 Cal. App. 3d 836, 840-848 [131.* And discovery is a big part of this which Plaintiff is entitled to as a matter of law. Alleged Defendant, it seems, is missing the fact that it is Plaintiff's constitutional right to face Plaintiff's accuser(s), it is Plaintiff's constitutional right to do discovery on strangers to the transactions that have admitted numerous times to judgment for Plaintiff [See A-G, I-L, inclusive] Maxim's of law, "an rebutted affidavit is truth"], that there is not and there was not any loan from

---

[1] Plaintiff contention: what this means is that alleged Defendant must appear in court through competent fact witness(es) with the first hand knowledge of the facts of the case rebutting Plaintiff's judgment by alleged Defendant's acquiescence point by point which are the 5th and 14th amendment requirements or Plaintiff's damages must be paid as a matter of law.

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

alleged Defendant who is a pretender lender for Plaintiff's car and that Plaintiff has alleged harm done to Plaintiff by the pretender lender Defendant.

23. The alleged attorney for alleged Defendant declared under penalty of perjury to Plaintiff and to court that alleged Defendant is not holder in due course, damaged party and party of interest, [See Dckt. 78, page 4, also attached as Exhibit I].

24. Accordingly, the court must *Sua Sponte* summarily award Plaintiff damages as a matter of law. Maxim's of law: "an un rebutted affidavit is truth" Both Plaintiff and alleged attorney for alleged Defendant have affidavits on the face of the records, [see Exhibit I as to alleged Defendant's admission that Defendant is not the holder in due course, the damaged party and party of interest where the alleged Defendant cites " ...*I could not agree to his conditions*.." Plaintiff's condition was for alleged Defendant to send an affidavit to Plaintiff under the penalty of perjury from a competent fact witness stating on and for the record that alleged Defendant is party of interest, holder in due course and the damaged party. Alleged Defendant has admitted [once again] that alleged Defendant is not the holder in due course, the damaged party and party of interest and no other evidence exists to the contrary. Moreover, alleged Defendant once again declared under penalty of perjury for judgment for Plaintiff. Therefore, this court has a mandatory responsibility *Sua Sponte* to grant Plaintiff's complaint with prejudice as a matter of law or grant 30 days to alleged Defendant to supply to court and to Plaintiff an affidavit under the penalty of perjury from a competent fact witness that alleged Defendant is holder in due course, the damaged party and party of interest.

25. Therefore, independent of sufficiency or insufficiency of Plaintiff's complaint, the court by law can not consider Mr. BAHR's ("BAHR") pleadings since they are not backed by competent fact witnesses, affidavits signed and notarized under penalty of perjury or testimony of competent fact witness(es) with the first hand knowledge of the facts of the case.

26. The court by law can not consider BAHR's [false] pleadings since it would be like "pulling carts before the horses", moreover it would create [false] air of *privity* between Plaintiff who is a man of Republic of California and alleged Defendant when there is no privity between Plaintiff and alleged Defendant however alleged Defendant through constructive and actual fraud have stolen monies from Plaintiff which should pay it back times 3 which is the standard for fraud.

27. Alleged Defendant has waived its rights [alleged Defendant does not and did not have any rights since there is no privity between Plaintiff and the alleged Defendant and Alleged Defendant has acquiesced to judgment for Plaintiff by and through un rebutted Plaintiff's affidavits under the

6

penalty of perjury which are judgments under the constitution [and per judge's Oath of Office which the court confirmed to Plaintiff in Dckt. No.87].

28. BAHR is attempting to create the false air of privity by objecting or opposing to Plaintiff's Motions where there is no privity between alleged Defendant and Plaintiff based on facts on the face of the records. Alleged Defendant is none party to this controversy and must as a matter of law pay back all the monies that they have stolen from Plaintiff and the investors times 3 as a matter of law.

29. According to the constitution and Plaintiff's Bill of Rights, alleged Defendant does not have any legal rights unless alleged Defendant appears in court of records.

30. Alleged Defendant has not appeared in court of records. BAHR does not count, since BAHR is just a hear say substitute.

31. Therefore, it will be like "pulling carts before the horses" if the court does not acquire jurisdiction over alleged Defendant and move to adjudicate alleged Defendant's motion to dismiss [if BAHR files one against Plaintiff's SAC].

32. To the extend that BAHR contents that alleged Defendant has a legal right to defend itself, that is true but only if it appears in court of record through competent fact witnesses with the first hand knowledge of the facts of the case to even be able to assert any legal rights and file for motion to dismiss. Alleged Defendant has waived any rights since it never appeared in court of records.

33. Plaintiff is due remedy as an American who has been wronged by alleged Defendant who has acquiesced to judgment for Plaintiff, no other evidence exists to the contrary.

34. BAHR can not, as a matter of law, represent anyone without any affidavits, testimony from a competent fact witness with the first hand knowledge of the facts of the case.

35. Since jurisdiction is fundamental, and it is jurisdiction alone that gives a court power to hear, determine, and pronounce judgment on the issues before it, **jurisdiction must be continuing** in the court **throughout the proceedings.** *County of Ventura v. Tillett, supra, 133 Cal. App. 3d 105,* *"Since a court of this state does not have jurisdiction to render a judgment that violates the* *California Constitution or the Constitution of the United States* [2]*, the defendant's argument is,* *essentially, that the superior court's judgment was in excess of jurisdiction. (Code Civ. Proc., §*

---

[2] what this means is that alleged Defendant must appear in court through competent fact witness(es) with the first hand knowledge of the facts of the case rebutting Appellant's judgment by Defendant's acquiescence point by point which are the 5th and 14th amendment requirements or Plaintiff's damages must be paid as a matter of law.

7

*410.10; Yoakum v. Small Claims Court (1975) 53 Cal. App.3d 398, 401-402 [125 Cal.Rptr. 882];Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715].) [2] **A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant.** (Becker v. S.P.V. Construction Co. (1980) 27 Cal. 3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; Jones v. World Life Research Institute (1976) 60 Cal. App. 3d 836, 840-848 [131.*

36. Discovery is a big part of this which Plaintiff is entitled to as a matter of law.  BAHR is missing the fact that it is Plaintiff's constitutional right to face Plaintiff's accuser(s), it is Plaintiff's constitutional right to do discovery on strangers to the transactions that have admitted numerous times to judgment for Plaintiff [Maxim's of law, "an rebutted affidavit is truth"], that there is not and there was not any loan to Plaintiff from the pretender lender Defendant and that Plaintiff has alleged harm done to Plaintiff by the pretender lender Defendant.

37. As such and **only after alleged Defendant appears** in court of records by and through competent fact witness(es) with testimony, affidavits signed under the penalty of perjury that alleged Defendant actually loaned money on behalf of Plaintiff's car which must show [as a matter of law] actual wire transfer, wire transfer instructions, ACH confirmation, cancelled check or check 21 confirmation together with GAAP accounting and accounting general ledger from the master servicer incorporating all payments that master servicer received on behalf of Plaintiff's note and security and for Plaintiff's note and security from TARP, CDSs, Yield Spread Premiums, other insurance payouts, cross collaritization of Plaintiff's note and security, tax write offs but not limited to these that alleged Defendant received in order to show privity between alleged Defendant and Plaintiff, otherwise, the alleged Defendant does not have any legal right to file for motion to dismiss or any other extortionist attempts and abuse of color of law to continue to deprive Plaintiff from Plaintiff's legal rights to the smallest amount of due process of law.  If and only if alleged Defendant appears in court of records, the court may consider the alleged Defendant legal right to file a motion to dismiss or any other pleadings that the alleged Defendant may be entitled to.

38. Plaintiff hereby submits Plaintiff's Second Amended complaint per the court's order .

**I. Plaintiff's TCPA Claim**

39. Plaintiff hereinafter amends the complaint to specifically addresses court's rationale in Dckt. No. 85 to, wit:

a.      Page 5 of Dckt. No. 85, lines 21-22 where court cites "..*it is not clear whether Plaintiff is alleging that he received the messages described in Paragraph 6 of the FAC, or whether his is just describing the types of messages that support an inference that an ATDS had been used.*

b.      Page 6, Dckt. No. 85, lines 5-7, "..*fails to support an inference that the calls were generated by an ATDS as opposed to the alternative inference that Plaintiff received a customer specific call through human agency..*"

40. Attached as Exhibit H is redacted Plaintiff's cell phone bill where in relative part shows that calls were made from Mercedes-Benz where the number shown is 1-817-224-5101, alleged Defendant using this number shown which is 1-817-224-5101 made both ATDS and prerecorded voice calls to both Plaintiff's residential phone number which is 408 873 8732 and Plaintiff's cellular phone number which is 408 690 4612, [as it is shown on Plaintiff's bill for Plaintiff's mobile number which is 408 690 4612]. The picture taken in exhibit H was using Plaintiff's cell phone from the Plaintiff's home phone apparatus to illustrate that these offending calls were in fact made, although Plaintiff realizes that Defendant may not be liable for their harassing phone calls to Plaintiff's residential number, Plaintiff has shown that Defendant made offending calls to both of the Plaintiff's residential number and to Plaintiff's cellular number to show the court that these calls were made to Plaintiff's mobile number when Plaintiff has specifically demanded Defendant not to make any phone calls to Plaintiff from any source including but not limited to ATDS and prerecorded voice calls to Plaintiff's cellular number, [see Exhibit A], where in relavant part Plaintiff demands "*Effective immediatetly please send all correspondence in writing...........Do NOT CALL*" which Defendant received and signed for on May, 6, 2013, [see Exhibit A]. In defiance of Plaintiff's legal rights not to make offending phone calls to Plaintiff's cellular phone number which is 408 690 4612, Defendant continued to harass Plaintiff by their ATDS and prerecorded voice calls.  Plaintiff recently made a call to this number and the recording when call is connected states that "you have reached a non working number, please hang up and try your number again".  Plaintiff alleges that Defendant made other offending calls from other numbers using ATDS and prerecorded voice calls to both Plaintiff's residential phone number which is 408 873 8732 and Plaintiff's cellular phone number which is 408 690 4612.  The reason that Plaintiff alleges Defendant used both ATDS and prerecorded voice calls to both Plaintiff's cellular phone number is because: 1) when Plaintiff alleges

9

ATDS was used is because it sounded like a pre recorded message asking Plaintiff to press on certain key [i.e. 1] to be connected to the next available alleged debt collection person and the reason that Plaintiff alleges that Defendant used a pre recorded voice call is because when at times Plaintiff was picking up the phone when Defendant had called Plaintiff's cellular phone number, the caller was speaking non stop and was not responding to Plaintiff's stating "Hello, can I help you".  Plaintiff further alleges Defendant used other numbers to make offending calls to Plaintiff's cellular phone number, [see Exhibit H].  Moreover, Plaintiff has explicitly demanded Defendant to preserve all electronic evidence, [see Exhibit M which is also filed in court of records and is incorporated herein for ease of court's reference].  Plaintiff has stated facts and the allegations of this Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Same Exhibit H also shows that Defendant through use of both ATDS and prerecorded voice calls were making offending calls to Plaintiff's cell phone number which is 408 690 4612 when Plaintiff on numerous occasion had specifically demanded that Defendant to stop calling Plaintiff [see Exhibit A].  As Plaintiff had stated in FAC and in here, the alleged Defendant was also calling Plaintiff's residential phone at [in this instance] 8:42 a.m.  The reason that Plaintiff is including a sample of offending Defendant's calls using both ATDS and prerecorded voice calls is to show the time that the offending phone calls were made, approximately 40% of the Defendant's offending calls to Plaintiff's cellular phone number which is 408 690 4612 were made between the hours of 8 am and 10:30 am, another 40% of Defendant's calls were made between 3 pm and 5:30 pm and the remaining 20% were made scattered throughout the day by Defendant placing 14 such calls per week for a period of approximately 3 months from March of 2013 to June of 2013 when Defendant was on notice of Plaintiff's specific demands to Defendant to cease and desist such phone calls and not to continue to make harassing phone calls to Plaintiff's cellular phone number.  However, Defendant made or caused to make these offending phone calls to Plaintiff in order for Defendant to intimidate, coerce and harass Plaintiff into submission, [see court records and Exhibit E as to Plaintiff's notice of no tress pass to Defendant which Defendant received but still even after that receipt of no tress pass to alleged Defendant, alleged Defendant by and through one of its agents tress passed on Plaintiff's real property, made threat of physical violence to Plaintiff by phone.  That is why, Plaintiff had to call the law enforcement and the Sheriff admonished Defendant's agent to ever tress pass on Plaintiff's property, stop their threat of violence towards Plaintiff and let the court decide Plaintiff's complaint, Plaintiff has also documented this

10

Defendant's physical tress pass on Plaintiff's real property and threatening Plaintiff with physical violence which are in court of records].

41. Courts have held that the TCPA does not contain exemption from liability under the TCPA for automated or prerecorded debt collection phone calls placed to cellular phone numbers. *See, e.g., Inigues v. The CBE Group*, ---F. Supp. 2d---, 2013 WL 4780785, *5 (E.D. Cal. Sept. 5, 2013); *Mashiri v. Ocwen Loan Servicing, LLC*, 2013 WL 5797584, *4 (S.D. Cal. Oct. 28, 2013).

42. Plaintiff alleges that Defendant violated TCPA to make offending telephone calls using both an automatic telephone dialing system (ATDS) and an artificial or prerecorded voice call to Plaintiff's cellular phone number which is 408 690 4612 by placing 14 such calls per week for a period of approximately 3 months from March of 2013 to June of 2013 when Defendant was on notice of Plaintiff's specific demands to Defendant to cease and desist such phone calls and not to continue to make harassing phone calls to Plaintiff's cellular phone number. However, Defendant made or caused to make these offending phone calls to Plaintiff in order for Defendant to intimidate, coerce and harass Plaintiff into submission, [see Exhibit H].

43. Plaintiff has therefore adequately addressed the sufficiency of a Plaintiff's TCPA claim which turns on when Plaintiff pleads that Defendant used an ATDS through well-pled allegations of an ATDS which rely on indirect and direct allegations, such as the content of the message [i.e. "please call back and speak with our representative with reference number "XXXX or "please call back, this is an important message, do not hang up" or "we need to speak with you urgently", the context in which it was received, and the existence of similar messages clearly raise an inference that an ATDS was used because it was both using a prerecorded voice call since it was not responding to Plaintiff by Plaintiff stating "Hello, can I help you" but the prerecorded voice call was continuing to talk and was not responding to Plaintiff and asking Plaintiff to press "1" to be connected to next available debt collector. Also, similar voice messages were left at Plaintiff's voice mails using both ATDS and prerecorded voice calls because of the facts that Plaintiff has alleged throughout Plaintiff's SAC which was stating, "this is Mercedes Benz Financial services calling with an important message about your account, press 1 to be connected to the next available representative, do not hang up" which was left on Plaintiff's voice mail on Plaintiff's mobile number which is 408 690 4612 during the time frame indicated in this SAC.

44. Moreover, in Satterfield [No. 07-16356, *LACI SATTERFIELD v. SIMON & SCHUSTER, INC. et al*, D.C. No. CV-06-02893-CW], the Ninth Circuit addressed the issue of express consent,

11

defining it as "[c]onsent that is clearly and unmistakably stated." Id. at 955 (quoting Black's Law Dictionary). The court described in detail the steps that the plaintiff took to consent online to the delivery of promotional messages to her cellular phone. Id. at 949. Ultimately, the court held that the plaintiff's consent to receive promotional materials from one **entity did not constitute consent** to receive marketing from Defendants in the case. Id. at 955. Thus, the court's ruling gives valuable guidance about what the TCPA requires, and provides a **common sense** interpretation of "express consent." Here, Plaintiff has very specifically demanded that Defendant cease and desist all their calls to Plaintiff's cellular phone number, Defendant did not cease and desist all their calls [which included  Defendant using an automatic telephone dialing system (ATDS) **and** an artificial or prerecorded voice call to make phone calls to Plaintiff's cellular phone number which is 408 690 4612 [see exhibit H]. Moreover, the other reason that Plaintiff alleges alleged Defendant used an ATDS and prerecorded voice call is, looking at exhibit H, one will see that on 5/10/2013 at 8:43 am Defendant made a phone call to Plaintiff's cellular number when one minute before i.e. on 5/10/2013 at 8:42 am Defendant had made another offending phone call to Plaintiff's residence.  This pattern of harassment was on going and made Plaintiff very upset and annoyed, Plaintiff could not concentrate due to the repeated Defendant's harassment of  Plaintiff specially when Plaintiff simply asked them to prove if they in fact loaned any money to Plaintiff and they admitted that they did not [see Exhibits A- G and J-L], even their alleged attorney BAHR declared under the penalty of perjury that alleged Defendant is not holder in due course, damaged party and party of interest.  So, why isn't BAHR in good faith arranging for Defendant to pay Plaintiff's damages?  Why does Plaintiff have to use the court to get his stolen money given back to him?  Is it because, Plaintiff questions, that these alleged debt collectors such as alleged  Defendant believe they can do anything they want to the people of this country and there is nothing that can stop them? Is this honorable court going to let these literally criminal behavior go unpunished while alleged Defendant continue to cause economic and emotional damage to Plaintiff?  Maxim's of law: "**He who does not forbid a crime while he may, sanctions it.**"

45. Moreover,  Defendant disregard ample guidance available to ensure compliance with the TCPA. Over 10 years ago the Federal Communications Commission (FCC) explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls . . ." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order,

12

18 F.C.C.R. 14014, 14115 (July 3, 2003). Therefore, Defendant's conclusory allegations runs afoul of FCC directive and numerous 9th Circuit court decisions see for example: *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010). " *...Such a naked assertion need not be taken as true. See Iqbal, 129 S. Ct. at 1049-50, However, read as a whole, the complaint contains sufficient facts to show that it is plausible that Defendants used such a system.*" Plaintiff has always relied on all his papers on file in court.

46. Moreover, when you examine the Defendant's MTD, you have to wonder if Defendant read the Complaint and Plaintiff's other papers in court file, or Exhibits and judicial notices. Their arguments rest on misstatements of what documents were and their reliance on color of law to interpret the law [falsely], misunderstandings of Plaintiff's facts on the face of the records and arguments, and misinterpretations of California and Federal law is **further <u>confirmation</u> and additional preponderance of evidence of their malice towards Plaintiff. In evaluating whether sufficient allegations of malice, oppression or fraud have been alleged, the complaint will be read as a whole so that even <u>conclusory allegations may suffice</u> when read in context with facts alleged as to the defendant's wrongful conduct.** (*Perkins v. Sup.Ct. (General Tel. Directory Co.)* (1981) 117 CalApp.3d 1, 6-7.) In defining malice for purposes of awarding punitive damages, Civil Code section 3294, subdivision (c)(1) provides: "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or conduct which is carried on by the defendant with a conscious **disregard of the rights** or safety **of others."** To support an award of punitive damages on the basis of conscious disregard of others, a plaintiff "must establish that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences." (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 895-896.)   See Taylor v. Superior Court , 24 Cal.3d 890, "*As we ourselves have recently observed, in order to justify the imposition of punitive damages the defendant '"... must act with the intent to vex, injure, or annoy, or with a conscious disregard of the plaintiff's rights. [Citations.]'"* (Italics added; Neal v. Farmers Ins. Exchange (1978) <u>21 Cal.3d 910</u>, 922 [148 Cal.Rptr. 389, 582 P.2d 980], quoting from Silberg v. California Life Ins. Co. (1977) <u>11 Cal.3d 452</u>, 462 [113 Cal.Rptr. 711, 521 P.2d 1103]; accord, Seimon v. Southern Pac. Transportation Co. (1977) 67 Cal.App.3d 600, 607 [136 Cal.Rptr. 787]; G. D. Searle & Co. v. Superior Court (1975) 49 Cal.App.3d 22 [122 Cal.Rptr. 218].)"*

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

47. Moreover, Defendant's bald conclusion while citing a string of cases that have nothing to do with the case here are too **enigmatic legal conclusions, unintelligible and vague.** The standard by which harassment is judged is an objective one. *Arteaga*, 733 F. Supp.2d at 226.

48. Here, Plaintiff demanded that all communications with Plaintiff must be in writing and Plaintiff specifically demanded that Defendants cease and desist their harassment of Plaintiff and stop their phone calls and tress passing on Plaintiff's real property, but Defendant continued its harassment of Plaintiff by Defendant's extortionist phone calls and other attempts which are tress passing on Plaintiff's real property when Defendant was on notice of no tress pass on Plaintiff's real property, Defendant's threat of violence towards Plaintiff through Defendant's agents which are well pleaded through all of Plaintiff's papers on file in court and further by this SAC, [see Exhibit E notice of no tress pass and see court records for Plaintiff's complaint to the sheriff and Defendant's agent threat of physical violence to Plaintiff when all Plaintiff asked was Defendant to prove that they loaned money to someone for Plaintiff's car, perhaps alleged Defendant believe that they are above the law?].

49. Furthermore, Plaintiff has sufficiently pled a claim against Defendant under the TCPA. Plaintiff has alleged as a direct result of Defendant's TCPA violation, Defendant has caused economic damages to Plaintiff and therefore Defendant's causing , among many violations of law to Plaintiff, Plaintiff's sever anxiety, shortness of breath, fear, headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected, stomach pain and other violations which are  economic injuries to Plaintiff, the amount of those damages to Plaintiff must be determined by jury pursuant to Plaintiff's legal rights to a trial by jury pursuant to Plaintiff's 7th amendment right.

50. Therefore, Defendant is in willful violation of the TCPA, 47 U.S.C. § 227 et seq., and Defendant is liable for damages in the amount of $500 for each violation, and because Defendant willfully and knowingly violated the TCPA, such damages may be increased to an amount equal to not more than three times the amount awarded, plus legal fees and expenses.

51. Below is the damage calculation to Plaintiff as a result of Defendant's violation of TCPA:

    A.     14 calls per week X ~ 14 weeks X $1500/violation        = $294,000

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

B.   600 hours of Plaintiff's time spent on this law suit so far  X $250/hour [3,4]   =$150,000

C.   Misc Costs [court costs, trips, papers, cartridge, etc.]                       = $1000

D.   Punitive, actual and special damages to be determined at

court's discretion or by jury [due to Defendant's harming

Plaintiff's by causing  Plaintiff to have sever anxiety, shortness

of breath, fear  such as Defendant's agent threatened Plaintiff with physical

harm and physically tress passing on Plaintiff's real property when

 Defendant was on notice of no tress pass on Plaintiff's real property

which are in court files, headaches, humiliation and embarrassment,

hypertension,  hysteria, irritability, nausea, privacy loss,

relationships affected, reputation affected, stomach pain]                       = $TBD


**Total   =$ 445,000 +TBD**[*]

* Plaintiff considers this matter closed and satisfied if Defendant pay Plaintiff $9,000,000 before jury trial.

---

[3] Plaintiff has advance degree in engineering, and several dozens of publications and patents. In fact, licensing fees and prosecution related to patent's infringement have the highest gross margins well in excess of 98%, why? because as an inventor, one does not have any overhead or close to zero overhead costs and all the capex spend to make New Products or optimize existing products' manufacturing to reduce costs and/or improve efficiency will be the responsibility of the companies that license Plaintiff's and other inventor's intellectual properties. It is Plaintiff's opinion that IP licensing and prosecution of IPs related to patent infringement are more profitable than unlawful illegal gun, drug trafficking and money laundering [i.e. alleged Defendant's misconduct], for example AT&T generates well in excess of $1.3B per year with less than 10  licensing executives, IBM also generates similar revenue with similar headcounts,  that is why stated $250/hour of losses related to economic damages Plaintiff has suffered by unlawful acts of Defendant is very conservative, the court is invited *Sua Sponte* to increase the economic damages to Plaintiff as the court sees just and fair, moreover since alleged Defendant has entered the "Temple of Justice" with unclean hands and yet has admitted to court and to Plaintiff that alleged Defendant is not the holder in due course, the damaged party and party of interest [see Exhibits A- G and  Exhibits I - L, inclusive], Plaintiff contents that the Defendant must also pay $250,000 for entering the court with unclean hands to court and Mr. BAHR abusing color of law to deny Plaintiff as one of "We the People" from money and property against the Oath of Office that BAHR has admitted to Plaintiff that BAHR does not have [unlike the court which the court confirmed that the court has and the court will support the constitution against foreign and domestic enemies which includes the protection of rights of Plaintiff as one of "We the People". ]

15

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

## II.     Plaintiff's UCL Claim Under The Unlawful Prong.

52. To state a claim based on the unlawful prong, Plaintiff must allege that Defendant's practices are "forbidden by law, be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court made". *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).

53. Plaintiff has alleged that Defendant has harmed Plaintiff in **Plaintiff's TCPA Claim stated previously.** Therefore, Plaintiff's UCL Claim under the unlawful prong must be granted as a matter of law. *See Berryman v. Merit Property Mgmt., Inc.,* 152 Cal. App 1544, 1554 (2007) ("a violation of another law is a predicate for stating a cause of action" under unlawful prong).

54. Moreover, when you examine the Defendant's M T D, you have to wonder if Defendant read the C o m p l a i n t and P l a i n t i f f ' s  o t h e r  p a p e r s  i n  c o u r t  f i l e , or Exhibits and judicial notices. Their arguments rest on misstatements of what documents were and their reliance on color of law to interpret the law [falsely], misunderstandings of Plaintiff's facts on the face of the records and arguments, and misinterpretations of California and F e d e r a l law is **further <u>confirmation</u> and additional preponderance of evidence of their malice towards Plaintiff. In evaluating whether sufficient allegations of malice, oppression or fraud have been alleged, the complaint will be read as a whole so that even <u>conclusory allegations may suffice</u> when read in context with facts alleged as to the defendant's wrongful conduct**. (*Perkins v. Sup.Ct. (General Tel. Directory Co.)* (1981) 117 CalApp.3d 1, 6-7.) In defining malice for purposes of awarding punitive damages, Civil Code section 3294, subdivision (c)(1) provides: "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or conduct which is carried on by the defendant with a conscious **disregard of the rights** or safety **of others."** To support an award of punitive damages on the basis of conscious disregard of others, a plaintiff "must establish that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences." (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 895-896.)   See Taylor v. Superior Court , 24 Cal.3d 890, "*As we ourselves have recently observed, in order to justify the imposition of punitive damages the defendant "'... must act with the intent to vex, injure, or annoy, or with a **conscious disregard of the plaintiff's rights**. [Citations.]'"* (Italics added; Neal v. Farmers Ins. Exchange (1978) <u>21 Cal.3d 910</u>, 922 [148

---

[4] Plaintiff's time for research in is well in excess of 7500 hours in all his cases, however, Plaintiff

*Cal.Rptr. 389, 582 P.2d 980], quoting from Silberg v. California Life Ins. Co. (1977) 11 Cal.3d 452, 462 [113 Cal.Rptr. 711, 521 P.2d 1103]; accord, Seimon v. Southern Pac. Transportation Co. (1977) 67 Cal.App.3d 600, 607 [136 Cal.Rptr. 787]; G. D. Searle & Co. v. Superior Court (1975) 49 Cal.App.3d 22 [122 Cal.Rptr. 218].)"*

55. In addition, since alleged Defendant has admitted to court and to Plaintiff that alleged Defendant is not the holder in due course, the damaged party and party of interest but have used ATDS and prerecorded voice calls to Plaintiff's cellular phone number which is 408 690 4612 as a means of coercion and to force Plaintiff into submission against all standards of human decency and in direct violation of TCPA under the unlawful prong UCL AND Defendant not either in private apologizing to Plaintiff and providing for remedy due to their unlawful acts related to their TCPA violation under the unlawful prong of UCL and entering the court as if there is privity between alleged Defendant and Plaintiff thereby making a mockery of our judicial system and entering the "Temple of Justice" with unclean hands, then the court must as a matter of law and according to well established sanctions doctrine by the US supreme court sanction alleged Defendant. Plaintiff contents that the right remedy for sanctions against alleged Defendant is an additional $250,000 payable to court for Defendant coming to court with unclean hands.

56. As a result of Defendant's unlawful acts relative to Plaintiff's TCPA claim as it relates to unlawful prong of UCL, Plaintiff has been economically damaged as corroboratively articulated and calculated with the amount to be a minimum of $1,000,000 as illustrated below.   Those damages related to Defendant's causing Plaintiff with punitive, actual and special damages can be determined at Plaintiff's jury trial by jury or at court's discretion [due to Defendant's harming Plaintiff's by causing Plaintiff to suffer from sever anxiety, shortness of breath, fear such as Defendant's agent threatened Plaintiff with physical harm and physically tress passing on Plaintiff's real property when Defendant was on notice of no tress pass on Plaintiff's real property which are in court files, headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected and stomach pain].

57. Moreover, since Defendant and the likes of Defendant are very dangerous creatures and in fact have beaten up people before and even killed people [see exhibit O], as specifically alleged, Plaintiff has had nightmares, Plaintiff is in constant state of fear and is afraid that Defendant may

estimates that his time spent on this law suit is so far about 600 hours.

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

furthermore and additionally tress pass on Plaintiff's real property [as Defendant has before] and cause physical harm to Plaintiff.

58. It is unlawful to Plaintiff to be in constant state of fear of his life from Defendant. As a professional and technologist, Plaintiff relies on his ability to continuously be able to think in order to create [invent] ideas, products and turn those into reality. As a result of constant fear and anxiety due to Defendant's UCL violation based on the unlawful prong as it relates to Defendant's TCPA violation but not limited to Defendant's TCPA violation such as for example Defendant's agent tress passing Plaintiff's real property and threatening Plaintiff with physical harm, Plaintiff's efficiency has been substantially reduced to about 5% which based on 4000 hours of working hours in a year @$250/hour makes the total economic damages equal to $1,000,000 minus 5% which makes the net economic damages to Plaintiff to be $950,000 and since the alleged Defendant's causation of economic damages in defending a frivolous defense when Defendant knows very well that Defendant is responsible for economic damages to Plaintiff and instead of apologizing to Plaintiff for the harm they have caused Plaintiff and provide a remedy to Plaintiff outside of courts, Defendant instead insisting in defending itself in court without any substance and by their insisting in abusing color of law to mask Defendant's unlawful actions under the unlawful prong of UCL which continues to this date which is more than 1 year from the date that Defendant has caused these economic damages to Plaintiff which makes the alleged Defendant cumulative economic damages to Plaintiff under the unlawful prong of UCL to be well in excess of $1,000,000 which Defendant must be ordered to pay Plaintiff this amount by court [in fact most entrepreneurs such as Plaintiff work 7 days per week and 16 hours if not more per day which makes the total man hours per year to be 5840 hours, so 4000 hours of man hours per year is very conservative] Plaintiff instead of being able to do what he enjoys doing most which is engineering is forced to learn about law in order to defend his rights afforded to him under the constitution and Bill of Rights. It is unlawful for Plaintiff to be forced into defending his legal rights by the court not ordering Defendant to pay for Plaintiff's damages as it relates to Defendant's TCPA violation, Defendant's tress passing Plaintiff's real property in direct violation of PC 602 when Defendant was noticed of no tress pass on Plaintiff's real property under Plaintiff's UCL claim as it pertains to unlawful prong. Moreover, due to unlawful acts done to Plaintiff by Defendant as it is corroboratively articulated with facts supporting those on the face of the record , Defendant must be ordered to pay for Plaintiff's economic damages as it relates to reduction of Plaintiff's efficiency to about 5% as a matter of law. And it is unlawful for

18

Plaintiff to live under  state of fear, anxiety, have sever headaches, stomach pain and other damages such as but not limited to be able to enjoy the fruits of his labor due to Plaintiff's reduced efficiency as a direct result of Defendant's violation of law in relation to Defendant's violation of TCPA, PC 602 and Defendant's agent threatening Plaintiff with Physical harm [see court files]  but not limited to these Defendant's violation of law as it relates to Plaintiff's UCL claim under unlawful prong based on Defendant's violation of TCPA.

59. Plaintiff requested Defendant to verify the alleged debt [see court files], not only Defendant did not verify the  alleged debt, but also Defendant in order to intimidate, coerce Plaintiff into submission, caused its agents to repeatedly call and harass Plaintiff even tress passed on Plaintiff's property.  When Plaintiff objected to Defendant's agent regarding Defendant's agent tress passing on Plaintiff's real property, instead of Defendant's agent apologizing to Plaintiff for their criminal violation of law [see PC 602], Defendant's agent threatened Plaintiff with sever physical harm, are we in soviet union?.  Plaintiff was afraid and is afraid of Plaintiff and his family to be harmed criminally by Defendant and its agents [see Exhibit O and court files].

60. It would be inequitable and unlawful to Plaintiff under the Plaintiff's UCL claim as it relates to unlawful prong in relation to Defendant's TCPA violation, if the court does not order Defendant to pay for Plaintiff's damages as a result of Defendant causing economic harm to Plaintiff due to Plaintiff's loosing sleep and be on constant alert and guard, guarding his life in fear of Defendant and Defendant's agents causing harm to Plaintiff on 24 hour basis, [see Exhibit O and other material in court files]. National constitution specific to bill of rights article 4 "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated..."  Article 5" No person shall be deprived of life, liberty, or property without due process of law.." and  per article 7 " In Suits at Common law, where the value in controversy shall exceed 20 dollars, the right to trial by jury shall be preserved, yet Defendant and attorney BAHR acted in contradiction to Plaintiff's guaranteed unalienable rights through assisting a fictional entity, under the color of law, to make a theft of Plaintiff's property damaging Plaintiff maliciously by their unlawful acts.

61. Plaintiff had to rush to the court to make sure that Defendant can not unilaterally deprive Plaintiff from Plaintiff's constitutionally guaranteed rights and steal Plaintiff's property and get Plaintiff's property for free while criminally tress passing on Plaintiff's real property and threatening Plaintiff with Physical harm damaging Plaintiff economically, psychologically and from a health

19

perspective. It is just unlawful.  Perhaps Defendant believes that we are in Soviet Union where Defendant can do whatever it wants to Plaintiff without being accountable under the law?

62. It is unlawful that Plaintiff live in constant state of fear due to Defendant's agent threatening Plaintiff with Physical harm while Defendant damaging Plaintiff economically due to Plaintiff's reduction in efficiency, constant state of fear, anxiety and other economic damages to Plaintiff as corroboratively stated above and making repeated harassing ATDS and prerecorded voice calls to Plaintiff.

63. The Court should evaluate this Defendant's conduct from the perspective of "a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1226 (E.D. Cal. 2010) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)).

64. Plaintiff considers this matter closed and satisfied if Defendant pay Plaintiff $9,000,000 prior to jury trial.  However, Plaintiff prefers the faith of Defendant to be determined by jury as it relates to Plaintiff's economic damages relative to Plaintiff's punitive and special damages, UCL and TCPA claim.

Respectfully submitted,

DATED: The 13th day of  June, in the year 2014.

BY: _____,
        Fareed :Sepehry-Fard, Plaintiff, Sui Juris
        Signed reserving all my rights at UCC 1-308

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

**ORDER**

AND NOW, this day of                          , 2014, upon consideration of Plaintiff Fareed

:Sepehry-Fard's PLAINTIFF'S FIRST AMENDED COMPLAINT

(Docket No.          ), and any responses thereto, **IT IS HEREBY ORDERED** that:

1.       Said Complaint is GRANTED; and

2.       Trial by jury shall be set for

OR

1.       Said Complaint is GRANTED; and

2.       Since Defendant has not appeared in court through competent fact witness(es) with the first hand knowledge of the facts of the case, the court summarily award Plaintiff Second Amended Complaint *Sua Sponte* WITH PREJDUDICE.

3.       Defendant shall pay $ 445,000 for their TCPA violation to Plaintiff within 10 days from this order. Defendant shall pay $                 for punitive and special damages to Plaintiff within 10 days from this order which the court at its own discretion determined due to Defendant's harming Plaintiff's by causing Plaintiff to have sever anxiety, shortness of breath, fear such as Defendant's agent threatened Plaintiff with physical harm and physically tress passing on Plaintiff's real property when Defendant was on notice of no tress pass on Plaintiff's real property which are in court files, headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected, stomach pain for their TCPA violation  as it relates to UCL under the unlawful prong to Plaintiff within 10 days from this order.

4.       Defendant shall pay $1,000,000 to Plaintiff for violation of UCL based on unlawful acts in relation to TCPA for actual economic damages to Plaintiff within 10 days from this order.

5.       Defendant shall pay $250,000 to court within 10 days from this order for Defendant coming to court with unclean hands and making a mockery of "Temple of Justice".

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

6.      Should Plaintiff wish to pursue additional claims against Defendant, Plaintiff shall within 14 days from this order make appropriate arrangements with the clerk and shall request leave of court to amend Plaintiff's complaint against Defendant.

Dated: _____          _____

Honorable Judge Beth Labson Freeman
UNITED STATES DISTRICT COURT JUDGE

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT

# EXHIBITS

**EXHIBIT A:**    **Demand for Defendant's Proof of Claim**

**EXHIBIT B:**    **Notice of Fault and Opportunity to Cure**

**EXHIBIT C:**    **Notice of Defendant and Doe Defendant's Default**

**EXHIBIT D:**     **Plaintiff's Offer To Settle With Defendant**

**EXHIBIT E:**    **Notice of No Tress Pass to Defendant**

**EXHIBIT F:**    **Demand For Statement of Claim**

**EXHIBIT G:**     **Notice of Default and Estoppel to Defendant**

**EXHIBIT H:**    **Samples of Plaintiff's Proof of Defendant's Numerous Harassing Phone Calls to Plaintiff**

**EXHIBIT I:**    **Mr. BAHR's Admission and Declaration Under Penalty Of Perjury That Alleged Defendant Is Not The Holder In Due Course, The Damaged Party and Party Of Interest**

**EXHIBIT J:**    **Demand for Statement of Claim to BAHR**

**EXHIBIT K:**     **Notice of Default and Estoppel to BAHR**

**EXHIBIT L:**    **OFFER TO SETTLE and BAHR's Default**

**EXHIBIT M:**    **NOTICE TO DEFENDANT TO PRESERVE ELECTRONIC EVIDENCE**

**EXHIBIT N:**    **COPY OF THE ALLEGED NOTE AND SECURITY**

**EXHIBIT O:**    **Debt Collectors Kill Customer**

CASE NO: CV13-02784 BLF (MEJ), PLAINTIFF'S SECOND AMENDED COMPLAINT