1  Fareed :Sepehry-Fard
2  12309 Saratoga Creek Dr.
   Saratoga, California, [95070]
   Phone Number (408) 690-4612
3
   Sui Juris
4
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
5  Fareed Sepehry-Fard                  CASE NO: CV13-02784 BLF (MEJ)

6                                       **THIRD AMENDED COMPLAINT AND
                                        [PROPOSED] ORDER [Dckt. No. 107]**
7
                    Plaintiff,          *[Civ. L.R. 10-1]*
8
9  vs.                                  *[Filed Concurrently Plaintiff's Declaration And
                                        Request For Judicial Notice  In Support Of Third
   MB FINANCIAL SERVICES                Amended Complaint]*
10

11
12 And Does 1-100      **RECEIVED**     Judge: Hon. Beth Labson Freeman
                                        Date:
13                                      Time:
                      SEP 16 2014       Dept: 11
14
                     RICHARD W. WIEKING
15                  CLERK, U.S. DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE
16 Defendant

17

18    **NOTICE TO AGENT IS NOTICE TO PRINCIPLE AND NOTICE TO PRINCIPLE IS
                        NOTICE TO AGENT**
19

20       **PLEASE TAKE NOTICE** of Plaintiff Fareed :Sepehry-Fard's, *Self Represented non*

21 *attorney,* a Sovereign American Citizen and California Citizen ("Plaintiff") making a special limited

22 appearance Third Amended Complaint ("TAC") against alleged Defendant Mercedes-Benz Financial

23 Services USA LLC allegedly erroneously sued as MB Financial Services ("Defendant").  This TAC

24 is based on this notice, third amended complaint, concurrently filed Plaintiff's Declaration and

25 Request for Judicial Notice, any and all other materials that may be presented to court during, before

26 or after the hearing, all oral arguments and also based on all of the following grounds.[1]

27 ───────────────────────
   [1] Per court's order [see Dckt. No. 107], Plaintiff removed "20th Cause of Action" from the TAC and
28 the word "[Proposed]".
                                        1

   CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED]
   ORDER [Dckt. No. 107]

**JUDICIAL NOTICE**

1.   Plaintiff moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

2.   The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that, all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

3.   In Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that, the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly.   Plaintiff respectfully reserves the right to amend this TAC.

4.   Under the Federal Rules of Evidence 1002 and 1003 governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries.   It is unfair to admit a photocopy in the place of an original as there is information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note.

5.   Under Uniform Commercial Code - ARTICLE 3 -§3308, all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.

**I.     JURISDICTION AND VENUE**

6.   This is a civil action for recovery of payments made to alleged Defendant on an unsubstantiated debt, fraud, constructive fraud, TORT and all other causes of action under the law, immediate injunction relief and award of Plaintiff's actual and punitive damages for Defendant's unlawfully collecting payments on an unsubstantiated debt, Defendant's harassing Plaintiff, Defendant's threatening Plaintiff with physical harm and subsequently recovery of monetary damages by Plaintiff, filed by alleged debtor and pursuant to the Violation of Cal. Bus and Prof. Code section 17200, et seq. (based on improper representation to Plaintiff since alleged Defendant is not a creditor to Plaintiff but managed through fraud collect monies from Plaintiff on an unsubstantiated debt ), California Unfair Competition Law under section 17200 (UCL, based on alleged Defendant improper demands for payment and receipts of those payments when no payment was due to alleged Defendant, harassing Plaintiff, tress passing on Plaintiff's property, threatening Plaintiff with physical harm, Unjust Enrichment (Based on alleged Defendant improper demands for payment and receipts of those payments when no payment was due to alleged Defendant),   Title 18

2

U.S.C §§§§§§§§ 1961 (Racketeering Enterprise based on Defendant teaming up with Doe Defendants to deny Plaintiff from smallest amount of due process of law, deny Plaintiff from equal access to the law, equal protection of law and deny Plaintiff from life, liberty, pursuit of happiness and Plaintiff's right to his private assets without alleged Defendant having any legal right to), 1962 (Prohibited Activities based on improper representation to Plaintiff that debt collector alleged Defendant is a creditor to Plaintiff when it is not), 1964 (Civil Remedies, based on improper representation to Plaintiff that alleged debt collector Defendant is a creditor to Plaintiff when it is are not), 1965 (Venue and Process), 1966 (Expedition of Actions), Title 42 U.S.C §§§§§ 1981 (Equal Rights Under the Law, based on unlawful demand for payments on an unsubstantiated debt, and Plaintiff's demand for Trial by jury pursuant to Plaintiff's 7th amendment right), 1982(Property Rights of Citizens, based on unlawful demand for payments and receipts of payments from Plaintiff based on an unsubstantiated debt), 12 U.S.C § 2601 et seq. and 12 U.S.C § 2605.

7.   And under United States Constitution Article IV section 2 and 3; Amendment to the United States Constitution Amendments IV, V, VI, I;

8.   This court's jurisdiction is invoked as is found by reference at 28 USC § 1331 and § 1346.

9.   This court's jurisdiction for issuing all Writs necessary is found by reference to 28 USC § 1651 duly invoked each as more fully appears hereinafter.

10. This court's Article III judicial power under United States Constitution jurisdiction is invoked.

11. Venue is correct and dully noted under District of Columbia Code § 13-421 and § 13-422.

## II. GENERAL ALLEGATIONS

Fareed :Sepehry-Fard has been the victim of a conspiracy by alleged Defendant to deprive Fareed :Sepehry-Fard from life, liberty, pursuit of happiness and Fareed :Sepehry-Fard's right to his private property and assets.

12. Undersigned Plaintiff, claiming protection under witness standing and capacity, report wrongful acts herein which on information and belief are in violation of Federal Civil Rights guaranteed by Constitution to be provided to Plaintiff by any and all federal officers under personal oath and employment contracts to the public trust each serves, [see Exhibit M of Request For Judicial Notice ("RJN"), where 9 people from alleged Defendant's co conspirators in recent months have allegedly committed *suicide* which is false, Plaintiff alleges that those people have been killed

3

by alleged Defendant, to the extend the alleged Defendant may cite that those murders (alleged *suicide*) were not committed by alleged Defendant or related to alleged Defendant, that is false too. See RJN Exhibit O, where there is a group of ~ 18 international criminal brokers dressed fraudulently as *banks* where there are no banks but intermediaries claiming falsely to be banks and in business of lending where even so called technology companies such as Applied materials are used to launder stolen monies and proceeds of stolen properties in the form of dividends back to alleged Defendant and their co conspirators, see also RJN Exhibit N, page 3 where U.S. Bank is labeled as an actor, "*as indenture Trustee with respect to Notes*".  RJN Exhibit P shows evidence of BANK OF NEW YORK MELLON's money laundering, and it also shows that **US Bank** formerly Wachovia which in just one instance (and there are numerous others) laundered well in excess of $378.4B of drug cartel money, see page 2 of Dckt. No. 6-6 of Case. No. 5:12-cv-00871-EJD where alleged Doe Defendants admit that US Bank was formerly Wachovia.  Wells Fargo (or US Bank), [see RJN Exhibit Q] launders stolen money from Plaintiff and the investors such as the retirement funds of federal and state employees while mixing those with others such as drug cartel money, transfers some of those stolen money and drug cartel money to Applied Materials as Doe Defendant and other Doe Defendants, Defendants and Doe Defendants retrieve those stolen monies and drug cartel monies from Plaintiff and investors back in the form of dividends from *technology* companies (better labeled as conduit to lauder money) such as  Applied Materials but not limited to Applied Materials, see also Case. No. 5:12-cv-00871-EJD, Dckt. 30, pages 15-17 and footnotes 6, 7 and 8 as to the evidence for these unlawful alleged Defendant's acts damaging Plaintiff, Plaintiff's family and other citizens of our country.

13. Plaintiff is domiciled at 12309 Saratoga Creek Dr., Saratoga, California [95070] where Plaintiff resides with the intention to remain.

14. The allegations herein stated on information and believe have evidentiary support and is based on public information.

15. The allegations above inclusive have evidentiary support under open records and are likely to reach proof of fact qualifying as Mandatory Judicial Notice under Federal Rule of Evidence 201 and controlling of presumptions under Rule 301 of Evidence Rules.

**III. Background:**

4

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

16. The court issued an order [see Dckt. No. 87], where the court confirmed that "*Every judge of the United States takes the oath of office swearing to administer justice and uphold the Constitution and the laws of the United States, as has this court. 28 U.S.C. § 453.*"

17. Plaintiff thanks the honorable court for confirmation of judge's Oath of office and its requirements according to rule of law.

18. Per Dckt. No. 107, the court issued an order where the court indicated that Plaintiff "shall file his proposed Third Amended Complaint into the docket by no later than **October 2, 2014**. Plaintiff shall make no changes to the TAC other than to remove the "20th Cause of Action"".

19. Accordingly, Plaintiff is respectfully submitting Plaintiff's TAC subject to all of Plaintiff's papers in court of records as well as RJN filed concurrently with this TAC as applicable under the law.

20. The alleged Defendant:

21. is an alleged debt collector and a total stranger to Plaintiff.

22. has misrepresented to Plaintiff that alleged Defendant has paid for Plaintiff's car when it did not.

23. collected monies from Plaintiff on an unsubstantiated debt which they admit to, [see RJN Exhibits A-D and F-K, inclusive] [2]. RJN Exhibit E clearly shows that alleged Defendant had received Plaintiff's notice of no tress pass but instead of abiding by law, alleged Defendant threatened Plaintiff with physical harm and tress passed on Plaintiff's property when alleged Defendant was on notice of no tress pass in violation of PC 602.

24. As a direct and proximate result of alleged Defendant tress passing on Plaintiff's property and threatening Plaintiff with physical harm, Plaintiff has suffered and continues to suffer financially, emotionally and psychologically. Defendant has caused economic damages [3] to Plaintiff and therefore alleged Defendant's causing, among many violations of law to Plaintiff, Plaintiff's sever anxiety, shortness of breath, fear, headaches, humiliation and embarrassment, hypertension, hysteria,

---

[2] Unless otherwise specified, all alphanumeric exhibits such as but not limited to A, B, C, ...Q refer to Exhibits in the Request for judicial Notice.

[3] There is no price that anyone can put on legal **right** to life, liberty and pursuit of happiness and **right** to private property and that monetary restitution are poor substitutes for the pain and suffering that Plaintiff has suffered as a direct result of alleged Defendant's unlawful actions.  Needless to say that proper adjudication of those damages should be done by jury, at this time and prior to trial by

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

irritability, nausea, privacy loss, relationships affected, reputation affected, stomach pain and other violations which are economic injuries to Plaintiff, the amount of those damages to Plaintiff must be determined by jury pursuant to Plaintiff's legal rights to a trial by jury pursuant to Plaintiff's 7th amendment right.

## IV. STATEMENT OF FACTS SUPPORTING AMENDED CAUSES OF ACTION

25. Alleged Defendant faked loaning money to Plaintiff and for several years collected money on an unsubstantiated debt.

26. The Plaintiff alleges that the alleged Defendant is the servicer and is not a real party of interest.

27. Under U.S.Code Title 12: Banks and Banking PART 226—TRUTH IN LENDING (REGULATION Z) a servicer does not have the rights of a Lender.

28. The Plaintiff alleges that the Defendant, is a debt collector, attempting to collect a debt, and is not a real party of interest.

29. The alleged "Lender" as defined on last page of RJN Exhibit L which is copy of the alleged Note is indentified as DCFS USA LLC which is not alleged Defendant, therefore the note [assuming there were for value consideration for Plaintiff's car from alleged Defendant when there is not] recites a different entity not alleged Defendant, why has alleged Defendant been demanding Payment from Plaintiff? the note recites conditions that never happened in fact and in law, [i.e. Plaintiff never received any for value consideration either from DCFS USA LLC or alleged Defendant, see RJN Exhibit L, a copy is used as a limited reference for lack of the original instrument.

30. The Plaintiff contends that alleged Defendant may have fully sold their interest in the promissory note in full as governed under Financial Accounting Standard Rule 140 (FAS 140).

31. The Plaintiff alleges that the Defendant does not have any legal rights to enforce the negotiable instrument, [see Exhibit L]. The alleged Defendant is not the real party of interest.

32. Under Federal Rules of Civil Procedure 17, an action must be taken in the name of a real party of interest.

33. Since the alleged Defendant is not a real and beneficial party of interest, the alleged Defendant cannot be a party to this controversy.

jury, Plaintiff considers this matter closed and sealed if alleged Defendant pay Plaintiff $9,000,000

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

34. Since no one party represents a real party of interest, then no one party may enforce the promissory note.

35. Under State Civil Code, a repossession of Plaintiff's car must be done by a party entitled to enforce the promissory note.

36. The party must show evidence of the alleged debt and have a legal right .

37. There is no evidence that the alleged Defendant have any legal right in this matter.

38. When Plaintiff realized that alleged Defendant is a total stranger to any financial transaction between Plaintiff and alleged Defendant, Plaintiff stopped making payments to alleged Defendant.

39. Plaintiff in addition send by registered and certified mail to alleged Defendant which alleged Defendant received and signed for, Proof of Claim [see Exhibit A], Notice of Fault and Opportunity to Cure [see Exhibit B], Notice of Defendant and Doe Defendant's Default [See Exhibit C], Plaintiff's Offer to Settle With Defendant [see Exhibit D], Notice of No Tress Pass to alleged Defendant [see Exhibit E], Demand for Statement of Claim [see Exhibit F], Notice of Default and Estoppel [see Exhibit G], Plaintiff's Demand for Statement of Claim to BAHR the alleged attorney for alleged Defendant [see  Exhibit I], Plaintiff's Notice of Default and Estoppel to BAHR [see Exhibit J], Plaintiff's Offer to Settle with BAHR and BAHR's default [see Exhibit K].

40. In fact, BAHR declared and stated under penalty of perjury that alleged Defendant is not the holder in due course, the damaged party and party of interest, [see Exhibit H].

41. Alleged Defendant has acquiesced to judgment for Plaintiff.

42. In spite of alleged Defendant's acquiescence to judgment for Plaintiff and without a claim, alleged Defendant caused its agent to tress pass on Plaintiff's real property, [see Dckt. Nos. 12 & 18]. When Plaintiff objected to alleged Defendant's agent violation of Penal Code 602 in tress passing Plaintiff's real property, alleged Defendant's agent threatened Plaintiff with physical harm.  This criminal violation of law was reported to Saratoga Police Department, [see Dckt. No. 12].  Plaintiff has since then been in fear of his life and is on constant alert being afraid of alleged Defendant's physically making additional tress pass on Plaintiff's real property and physically assaulting Plaintiff and harming Plaintiff and Plaintiff's family.  Plaintiff on information and believe alleges that alleged

in damages.

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED]
ORDER [Dckt. No. 107]

Defendant is part of an organized crime syndicate involved in money laundering and Ponzi scheme [4] and other criminal activities, [see Exhibits M & P].

43. Moreover, Plaintiff alleges that homes, cars, furniture and others were and are used as smoke screen for alleged Defendant's money laundering and Ponzi scheme which is their real business.

44. Plaintiff's information and believe is based on well in excess of 8500 hours of detailed research including but not limited to reading and researching numerous state and federal cases including appellate courts' decision and supreme court decisions, researching security and exchange commission website, attending specialized forums in [false] securitization [when in fact and in law none of alleged Defendant's and the likes of alleged Defendant's *securitization* ever happened in fact and in law].

45. Alleged Defendant based on constructive and/or actual fraud collected monies from Plaintiff on an unsubstantiated debt that never ever existed to begin with since the note [see Exhibit L] recites terms and conditions that never happened in fact and in law since alleged Defendant did not pay any money for Plaintiff's car, [see Exhibit L].

46. Those stolen monies that alleged Defendant has collected and stolen from Plaintiff and the investors must by law be given back to Plaintiff and investors times 3 which is the standard for fraud plus punitive and other special and general damages as the court sees just and fair.

47. In addition, since the term of the alleged note indicates that alleged Defendant paid $47,992.27 for Plaintiff's car [when it did not, see Exhibit L, a copy of the alleged note is used due to absence of the original note and alleged Defendant's unwillingness to incorporate the forged note

---

[4] **"Carlo Pietro Giovanni Guglielmo Tebaldo Ponzi**, (March 3, 1882 – January 18, 1949), commonly known as **Charles Ponzi**, was an Italian businessman and con artist in the U.S. and Canada. His aliases include *Charles Ponci, Carlo* and *Charles P. Bianchi*. Born in Italy, he became known in the early 1920s as a swindler in North America for his money making scheme. Charles Ponzi promised clients a 50% profit within 45 days, or 100% profit within 90 days, by buying discounted postal reply coupons in other countries and redeeming them at face value in the United States as a form of arbitrage.[ "Take My Money!", *TIME magazine*, January 31, 1949, ISBN 0-256-08657-5, retrieved December 21, 2008, "In Italy, Ponzi got on the good side of **Mussolini's Fascists**, was sent to Rio de Janeiro as business manager for Italy's LATI airlines. The war ended his job; after that he eked out a meager existence as a translator. Committed to a Rio charity ward, blind in one eye and partly paralyzed, he said not long ago: "I guess the only news about me that most people want to hear is my death.""]. In reality, Ponzi was paying early investors using the investments of later investors. This type of scheme is now known as a "Ponzi scheme". His scheme ran for over a year before it collapsed, costing his "investors" $20 million." --- see Wikipedia

8

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

that they presented to Plaintiff as a part of the court of records. Plaintiff alleges even this instrument is forged, nevertheless Plaintiff is using the copy of this [forged] instrument to indicate the damages to Plaintiff], then Plaintiff is due up to 3 times the amount of the note [which is the standard for fraud] due to Defendant's misrepresentation to Plaintiff that alleged Defendant paid for Plaintiff's car [when it did not]. This amount equates to 3 x $ 47,992.27 = **$143,976.81**. In addition, Plaintiff has paid [see Exhibit L] $6089 + 48 payments x $ 996/payment = $53,897, [see Exhibit H ]. Due to alleged Defendant's fraud [since they did not loan any money for Plaintiff's car and they admitted to it multiple times], this amount times 3 must be paid back to Plaintiff which is the standard for fraud: $53,897 x 3 = **$161,691**.

48. Total amount due to unjust enrichment of alleged Defendant to Plaintiff as a result of Defendant tricking Plaintiff into a transaction that never happened in law and in fact is therefore: $161,691 + $143,976.81= **$305,667.81 plus interest** [or whatever other legal term or label one wants to put on these literal theft of Plaintiff's assets if unjust enrichment is not the correct label for alleged Defendant's theft of Plaintiff's and the investor's money].

49. All Plaintiff asked alleged Defendant was proof of a loan to Plaintiff, proof of damaged party and party of interest. Instead of alleged Defendant answering Plaintiff's simple questions which is Plaintiff's legal right, alleged Defendant's agent threatened Plaintiff with physical harm and tress passed on Plaintiff's property when alleged Defendant was on notice of no tress pass. As a direct and proximate result of alleged Defendant unlawful acts in tress passing on Plaintiff's property and moreover threatening Plaintiff with physical harm, Plaintiff has suffered and continues to suffer economic damages. Alleged Defendant has caused economic damages to Plaintiff and therefore Defendant's causing , among many violations of law to Plaintiff, Plaintiff's sever anxiety, shortness of breath, fear, headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected, stomach pain and other violations which are economic injuries to Plaintiff, the amount of those damages to Plaintiff must be determined by jury pursuant to Plaintiff's legal rights to a trial by jury pursuant to Plaintiff's 7th amendment right. As a result of these alleged Defendant's violation of law, Plaintiff's efficiency has been reduced to about 5%. So, in terms of actual economic damages to Plaintiff which excludes punitive, special and other damages to Plaintiff as a result of alleged Defendant threatening Plaintiff with physical harm which Plaintiff reported to Saratoga Police department and also filed in court of

9

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

records as to this Defendant's violation of law due to Defendant's TORT and UCL violation based on the unlawful prong as it relates to Defendant's tress passing on Plaintiff's real property, sending bills to Plaintiff when they knew there was no amount due to them and alleged Defendant other subsequent violation of law not limited to these mentioned here and threatening Plaintiff with physical harm, Plaintiff's efficiency has been substantially reduced to about 5% which based on 4000 hours of working hours in a year @$250/hour, makes the total economic damages equal to $1,000,000 minus 5% which makes the net economic damages to Plaintiff to be $950,000 and since the alleged Defendant's causation of economic damages  in defending a frivolous defense when Defendant knows very well that Defendant is responsible for economic damages to Plaintiff and instead of apologizing to Plaintiff for the harm they have caused Plaintiff and provide a remedy to Plaintiff outside of courts, alleged Defendant instead is insisting in defending itself in court without any substance and by their insisting in abusing color of law to mask alleged Defendant's unlawful actions under the unlawful prong of UCL and Defendant's TORT which continues to this date which is more than 1 year from the date that Defendant has caused these economic damages to Plaintiff which makes the alleged Defendant cumulative economic damages to Plaintiff under the unlawful prong of UCL and TORT to be well in excess of $1,000,000. Defendant must be ordered to pay Plaintiff this amount by court [in fact most entrepreneurs such as Plaintiff work 7 days per week and 16 hours if not more per day which makes the total man hours per year to be 5840 hours, so 4000 hours of man hours per year is very conservative] Plaintiff instead of being able to do what he enjoys doing most which is engineering is forced to learn about law in order to defend his rights afforded to him under the constitution and Bill of Rights.   It is unlawful for Plaintiff to be forced into defending his legal rights by the court not ordering Defendant to pay for Plaintiff's damages as it relates to Defendant's violation of law as articulated throughout this TAC, Defendant's tress passing Plaintiff's real property in direct violation of PC 602 when Defendant was noticed of no tress pass on Plaintiff's real property under Plaintiff's UCL claim as it pertains to unlawful prong.  Moreover, due to unlawful acts done to Plaintiff by Defendant as it is corroboratively articulated with facts supporting those on the face of the record , Defendant must be ordered to pay for Plaintiff's economic damages as it relates to reduction of Plaintiff's efficiency to about 5% as a matter of law.  And it is unlawful for Plaintiff to live under  state of fear, anxiety, have sever headaches, stomach pain and other damages such as but not limited to be able to enjoy the fruits of his labor due to Plaintiff's reduced

efficiency as a direct result of alleged Defendant's violation of law in relation to alleged Defendant's violation of law explained throughout this TAC, PC 602 and Defendant's agent threatening Plaintiff with Physical harm [see court files]  but not limited to these alleged Defendant's violation of law as it relates to Plaintiff's UCL claim under unlawful prong based on Defendant's violation of law in all of Plaintiff's causes of action explained throughout this TAC.

50. TORT is French for wrong, a civil wrong, or wrongful act, whether intentional or accidental, from which injury occurs to another. Torts include all negligence cases as well as intentional wrongs which result in harm. Therefore tort law is one of the major areas of law (along with contract, real property and criminal law), and results in more civil litigation than any other category. Some intentional torts may also be crimes such as assault, battery, wrongful death, fraud, conversion (a euphemism for theft), and trespass on property and form the basis for a lawsuit for damages by the injured party. Defamation, including intentionally telling harmful untruths about another, either by print or broadcast (libel) or orally (slander), is a tort and used to be a crime as well.  Source: http://legal-dictionary.thefreedictionary.com/Civil+tort

51. Plaintiff alleges as a result of alleged Defendant tress passing on Plaintiff's real property, threatening Plaintiff with physical harm, all because Plaintiff objected to alleged Defendant tress passing on Plaintiff's real property in violation of Penal Code 602, sending bills to Plaintiff when no money is due to alleged Defendant and they acquiesced to it and moreover alleged Defendant threatening Plaintiff with physical harm [see Dckt. Nos. 12 & 18], Plaintiff has been harmed financially, psychologically, emotionally and Plaintiff is in constant state of fear of being physically harmed by the alleged Defendant.  It is not lawful for alleged Defendant to tress pass on Plaintiff's real property and threaten Plaintiff with physical harm.

52. Pursuant to judge's Oath of Office:

53. In any controversy, there must be at least two parties with capacities to be there.

54. There must be affidavits signed and notarized under penalty of perjury, testimony from competent facts witness(es) with the first hand knowledge of the facts of the case.

55. What this means is that no court [pursuant to judge's Oath] can issue an order before and foremost acquiring jurisdiction over parties and subject matter.

56. This acquisition of jurisdiction over parties and subject matter must be continuous throughout the proceedings.

11

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

57. Plaintiff as a man of Republic of California has appeared in court with the first hand knowledge of the facts of the case and have filed his complaint in court of records.

58. What this means, is that the court must by law *Sua Sponte* order the alleged Defendant to appear in court of records by and through affidavits under the penalty of perjury from competent fact witnesses with the first hand knowledge of the facts of the case OR the court by law must enter default for Plaintiff and award of Plaintiff's damages as a matter of law [it is not up for debate]. Plaintiff considers this matter closed and sealed if the amount of Plaintiff's damages are paid which is $9,000,000. There is no other party who has appeared in court of records except Plaintiff, therefore Plaintiff's claimed damages must be paid to Plaintiff as a matter of law since there is no competent fact witness with the first hand knowledge of the facts of the case that has ever rebutted Plaintiff's claims point for point, Mr. BAHR ("BAHR"), the alleged attorney for alleged Defendant does not count since BAHR is just a hear say substitute, once again, alleged Defendant has no legal rights since it has not appeared in court and has waived all its rights [if it had any] because it never appeared in court.

59. BAHR is well aware that alleged Defendant has harmed Plaintiff and damages are due to Plaintiff, BAHR's job has been [it seems] to hide the fraud that has taken place abusing color of law in order to deny Plaintiff from the smallest amount of due process of law.

60. It will be against the law to leave Plaintiff's stolen monies based on alleged Defendant's fraud with alleged Defendant. Therefore, it is this [constitutional] court's obligation to order alleged Defendant to either appear in court with signed and notarized affidavit as well as GAAP incorporating all the monies that they received from various sources on behalf of Plaintiff's note and security and for Plaintiff's note and security and order them to pay those stolen monies back to Plaintiff times three which is the standard for fraud.

61. Plaintiff has alleged that Plaintiff and Plaintiff's family have been harmed and credit is due to Plaintiff for the monies that alleged Defendant has stolen from Plaintiff and harmed Plaintiff [regardless of how well or bad Plaintiff has pleaded, Plaintiff is not an attorney and Plaintiff has alleged Plaintiff has been harmed and alleged Defendant must either show that they are damaged, party of interest and holder in due course or pay the damages to Plaintiff, simple]. This court can not be a place for alleged attorney to attempt to hide the fraud that has taken place abusing some color of law in order to impede justice, this should not be a game of technicalities for this honorable

12

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

constitutionally complaint court, Plaintiff is due credit for the monies that alleged Defendant has stolen from Plaintiff based on all causes of action articulated in TAC and threatening Plaintiff with physical harm and other damages as this constitutionally compliant court sees just.

62. Alleged Defendant has not appeared in court of records with the first hand knowledge of the facts of the case thereby depriving the court from In Personam jurisdiction. Court has no other alternative but to award Plaintiff's damages [it is not up for debate per judge's Oath of Office which the judge confirmed to Plaintiff that the judge has, see Dckt. No. 87]. So, Plaintiff appeared in court on limited and special basis for court to acquire jurisdiction over parties, Plaintiff is the only one who is competent fact witness who has also appeared in court of records. The only lawful action that the court must do is to award of Plaintiff's damages [$9,000,000] since no one is rebutting Plaintiff's claims and there is no one with a legal right to oppose to Plaintiff's TAC, or file a motion to dismiss Plaintiff's TAC since there is no privity between Plaintiff and the alleged Defendant. Mr. BAHR's contention is falsely attempting to *tacitly* **create a false air of privity between alleged Defendant and Plaintiff when there is none.** Privity between alleged Defendant and Plaintiff must be proven based on facts on the court of records and can not be assumed. Court also does not have the jurisdiction to assume that alleged Defendant appeared in court and therefore adjudicate alleged Defendant's motion to dismiss, and subsequently rule on sufficiency or insufficiency of Plaintiff's TAC.

63. **This case never got of the gate since no competent fact witness appeared on behalf of alleged Defendant on and for the court of records.** As such, the court must by law therefore grant Plaintiff's complaint or this TAC *Sua Sponte* or alternatively grant 30 days to alleged Defendant to appear in court by signed and notarized affidavit(s) and testimony under penalty of perjury that they are holder in due course, damaged party and party of interest before the court can consider any [potential] alleged Defendant's motion to dismiss. Otherwise, the court would be acting in excess of jurisdiction by assuming BAHR the hearsay substitute *to be a witness* for the pretender lender giving BAHR the legal right to appear in court on behalf of a fictitious entity that **has no privity with Plaintiff** [an no other evidence exists to the contrary] abusing color of law to deny Plaintiff from obtaining his legal rights to due process of law and award of Plaintiff's damages.

64. Accordingly, before any adjudication by court as to sufficiency or insufficiency of Plaintiff's TAC is concerned, the alleged Defendant must appear in court as a matter of law.

13

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

65. The court will be acting without jurisdiction if the court moves forward without acquiring jurisdiction over parties, since alleged Defendant has not appeared in court of records, the court has no other alternative but to award of Plaintiff's damages or give 30 days to alleged Defendant to appear in court through affidavits, testimony from competent fact witnesses with the first hand knowledge of the facts of the case which are the requirements of 5th and 14th amendments.  And if alleged Defendant won't [and it can not], then the court must award Plaintiff's damages with prejudice as a matter of law independent of sufficiency or insufficiency of Plaintiff's complaint since there must be privity or legal right for alleged Defendant to appear before the court, since there is no privity between alleged Defendant and Plaintiff then the court can not do anything else but to award Plaintiff's damages.

66. Stated differently, alleged Defendant can not move to dismiss Plaintiff's TAC without a competent fact witness with the first hand knowledge of the facts of the case.  By court's allowing alleged Defendant an opportunity to motion the court to dismiss Plaintiff's amended complaint, court's would be **assuming** that BAHR is the witness which immediately removes the jurisdiction from the court to adjudicate the case, court must order alleged Defendant first and foremost to appear in court before it can adjudicate any alleged Defendant's motions such as but not limited to Defendant's [potential] motion to dismiss TAC.

67. Plaintiff has alleged that the alleged copy of the contract that BAHR provided is forged, is not backed up by any affidavit and testimony as to its truthfulness.  Moreover, even if the alleged contract [see Exhibit L, a copy is provided due to inability of Plaintiff's access to the original wet ink signature that BAHR provided which Plaintiff alleged even that is forged] was true and correct [when it is not], that still is not prove of privity between Plaintiff and alleged Defendant.

68. UCC makes it clear, there must be an offer [and there is none], Plaintiff must have accepted that offer [when Plaintiff has not accepted that offer] and there must be for value consideration [when there is no for value consideration] which means prove of payment by alleged Defendant for Plaintiff's car.  In fact, alleged Defendant have multiple times acquiesced to Plaintiff that there was never ever any loan for Plaintiff's car and in a recent submission to court, alleged attorney for alleged Defendant signed a declaration under penalty of perjury that alleged Defendant is not the holder in due course, the damaged party and party of interest, [see Exhibit H].  So the court has no alternative but to award Plaintiff's damages.

14

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

69. **Plaintiff believes that the court has the jurisdiction to award Plaintiff's damages** *Sua Sponte* **since both Plaintiff and alleged Defendant have affidavits in court of record that Plaintiff is damaged and alleged Defendant declaring under the penalty of perjury that alleged Defendant is not holder in due course, damaged party and party of interest, [see RJN Exhibits A-D, and F-K, inclusive].**

70. Alleged Defendant has repeatedly refused to provide for the actual wire transfer, wire transfer instructions, ACH confirmation, cancelled check or check 21 confirmation together with GAAP accounting and accounting general ledger from the master servicer incorporating all payments that master servicer received on behalf of Plaintiff's note and security and for Plaintiff's note and security from TARP, CDSs, Yield Spread Premiums, other insurance payouts, cross collaritization of Plaintiff's note and security, tax write offs but not limited to these, that alleged Defendant received, therefore alleged Defendant has once again failed to provide proof of privity between Plaintiff and alleged Defendant, Plaintiff has specifically denied that alleged Defendant paid a single cent for Plaintiff's car.

71. Since jurisdiction is fundamental, and it is jurisdiction alone that gives a court power to hear, determine, and pronounce judgment on the issues before it, **jurisdiction must be <u>continuing</u>** in the court **throughout the proceedings.** *County of Ventura v. Tillett, supra, 133 Cal. App. 3d 105, "Since a court of this state does not have jurisdiction to render a judgment that violates the California Constitution or the Constitution of the United States [5], the defendant's argument is, essentially, that the superior court's judgment was in excess of jurisdiction. (Code Civ. Proc., § 410.10; Yoakum v. Small Claims Court (1975) 53 Cal. App.3d 398, 401-402 [125 Cal.Rptr. 882]; Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715].) [2] A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant. (Becker v. S.P.V. Construction Co. (1980) 27 Cal. 3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; Jones v. World Life Research Institute (1976) 60 Cal. App. 3d 836, 840-848 [131.* And discovery is a big part of this which Plaintiff is entitled to as a matter of law.

---

[5] Plaintiff contention: what this means is that alleged Defendant must appear in court through competent fact witness(es) with the first hand knowledge of the facts of the case rebutting Plaintiff's judgment by alleged Defendant's acquiescence point by point which are the 5th and 14th amendment requirements or Plaintiff's damages must be paid as a matter of law.

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

Alleged Defendant, it seems, is missing the fact that it is Plaintiff's constitutional right to face Plaintiff's accuser(s), it is Plaintiff's constitutional right to do discovery on strangers to the transactions that have admitted numerous times to judgment for Plaintiff [See A-D, and F-K, inclusive]. Maxim's of law, "an rebutted affidavit is truth"], that there is not and there was not any loan from alleged Defendant who is a pretender lender for Plaintiff's car and that Plaintiff has alleged harm done to Plaintiff by the pretender lender Defendant.

72. Accordingly, the court must *Sua Sponte* summarily award Plaintiff damages as a matter of law. Maxim's of law: "an un rebutted affidavit is truth"  Both Plaintiff and alleged attorney for alleged Defendant have affidavits on the face of the records, [see Exhibit H as to alleged Defendant's admission that Defendant is not the holder in due course, the damaged party and party of interest where the alleged Defendant cites " ...*I could not agree to his conditions*.." Plaintiff's condition was for alleged Defendant to send an affidavit to Plaintiff under the penalty of perjury from a competent fact witness stating on and for the record that alleged Defendant is party of interest, holder in due course and the damaged party.  Alleged Defendant has admitted [once again] that alleged Defendant is not the holder in due course, the damaged party and party of interest and no other evidence exists to the contrary.  Moreover, alleged Defendant once again declared under penalty of perjury for judgment for Plaintiff.  Therefore, this court has a mandatory responsibility *Sua Sponte* to grant Plaintiff's TAC with prejudice as a matter of law or grant 30 days to alleged Defendant to supply to court and to Plaintiff an affidavit under the penalty of perjury from a competent fact witness that alleged Defendant is holder in due course, the damaged party and party of interest.

73. Therefore, independent of sufficiency or insufficiency of Plaintiff's complaint, the court by law can not consider Mr. BAHR's ("BAHR") [potential] pleadings since they are not backed by competent fact witnesses, affidavits signed and notarized under penalty of perjury or testimony of competent fact witness(es) with the first hand knowledge of the facts of the case.

74. The court by law can not consider BAHR's [false] pleadings since it would be like "pulling carts before the horses", moreover it would create [false] air of *privity* between Plaintiff who is a man of Republic of California and alleged Defendant when there is no privity between Plaintiff and alleged Defendant however alleged Defendant through constructive and actual fraud have stolen monies from Plaintiff which should pay it back times 3 which is the standard for fraud.

16

75. Alleged Defendant has waived its rights [alleged Defendant does not and did not have any rights since there is no privity between Plaintiff and the alleged Defendant and alleged Defendant has acquiesced to judgment for Plaintiff by and through un rebutted Plaintiff's affidavits under the penalty of perjury which are judgments under the constitution [and per judge's Oath of Office which the court confirmed to Plaintiff in Dckt. No.87].

76. BAHR is attempting to create the false air of privity by objecting or opposing to Plaintiff's Motions and pleadings where there is no privity between alleged Defendant and Plaintiff based on facts on the face of the records. Alleged Defendant must as a matter of law pay back all the monies that they have stolen from Plaintiff and the investors times 3.

77. According to the constitution and Plaintiff's Bill of Rights, alleged Defendant does not have any legal rights unless alleged Defendant appears in court of records.

78. To the extend that BAHR contents that alleged Defendant has a legal right to defend itself, that is true but only if it appears in court of record through competent fact witnesses with the first hand knowledge of the facts of the case to even be able to assert any legal rights and file for motion to dismiss. Alleged Defendant has waived any rights since it never appeared in court of records.

79. Plaintiff is due remedy as an American who has been wronged by alleged Defendant who has acquiesced to judgment for Plaintiff, no other evidence exists to the contrary.

80. Discovery is a big part of this which Plaintiff is entitled to as a matter of law. BAHR is missing the fact that it is Plaintiff's constitutional right to face Plaintiff's accuser(s), it is Plaintiff's constitutional right to do discovery on strangers to the transactions that have admitted numerous times to judgment for Plaintiff [Maxim's of law, "an rebutted affidavit is truth"], that there is not and there was not any loan for Plaintiff's car from the pretender lender Defendant and that Plaintiff has alleged harm done to Plaintiff by the pretender lender Defendant.

81. As such and **only after alleged Defendant appears** in court of records by and through competent fact witness(es) with testimony, affidavits signed under the penalty of perjury that alleged Defendant actually loaned money on behalf of Plaintiff's car which must show [as a matter of law] actual wire transfer, wire transfer instructions, ACH confirmation, cancelled check or check 21 confirmation together with GAAP accounting and accounting general ledger from the master servicer incorporating all payments that master servicer received on behalf of Plaintiff's note and security and for Plaintiff's note and security from TARP, CDSs, Yield Spread Premiums, other

17

insurance payouts, cross collaritization of Plaintiff's note and security, tax write offs but not limited to these that alleged Defendant received in order to show privity between alleged Defendant and Plaintiff, otherwise, the alleged Defendant does not have any legal right to file for motion to dismiss or any other extortionist attempts and abuse of color of law to continue to deprive Plaintiff from Plaintiff's legal rights to the smallest amount of due process of law. If and only if alleged Defendant appears in court of records, the court may consider the alleged Defendant legal right to file a motion to dismiss or any other pleadings that the alleged Defendant may be entitled to.

82. Plaintiff's TAC alleges the existence of a relationship between the parties based on alleged Defendant demand for an amount of money that, assuming the existence of a valid promissory note, Plaintiff would be obliged to surrender.   However, as stated above, Plaintiff disputes that Plaintiff owes any money to alleged Defendant and it is Defendant that owe money to Plaintiff.   Due to the complexity involved in determining the amounts that may have already been paid towards this alleged debt, or intended to offset this alleged debt, or otherwise received by alleged Defendant in satisfaction of this alleged debt obligation, an accounting is required and the cause of action for accounting is therefore appropriate.

## 1st CAUSE OF ACTION – UNJUST ENRICHMENT
### [Against Defendant and Doe Defendants]

83. The allegations in paragraphs 1 through 82 of this TAC are realleged and incorporated herein by this reference.

84. If a court were to adopt the position of the alleged Defendant, then a new industry would be born, to wit: spying on people to determine whether or not they are behind on any payment to anyone and then beating the real creditor to court, filing a complaint and getting a judgment without the real creditor even knowing about it or as in this case, collecting money from Plaintiff on an unsubstantiated alleged debt based on alleged Defendant's fraud while alleged Defendant's unlawfully threatening Plaintiff with physical harm when all Plaintiff demanded was for alleged Defendant to verify the alleged debt.

85. It is unlawful for alleged Defendant to get enriched based on Plaintiff's payments to alleged Defendant on an unsubstantiated debt. Those monies must be paid back to Plaintiff with interest and

18

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

penalties that alleged Defendant unlawfully collected from Plaintiff times three which is standard for fraud.

86. As a direct and proximate result of the alleged Defendant's unjust enrichment as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at jury trial and based on actual accounting incorporating all the payments alleged Defendant received from Plaintiff and all other payments they received from TARP, CDS, Yield Spread Premiums, Cross Collaritization of Plaintiff's note and security any and all other insurance payouts to alleged Defendant that does not belong to alleged Defendant, it belongs to Plaintiff and the investors not the alleged Defendant that did not risk a bent penny into this deal.

<u>**2nd CAUSE OF ACTION – Title 18 U.S.C § 1961 (Racketeering Enterprise)**</u>

<u>**[Against Defendant and Doe Defendants]**</u>

87. The allegations in paragraphs 1 through 86 of this TAC are realleged and incorporated herein by this reference.

88. It is unlawful for alleged Defendant faking securitization of Plaintiff's note and security, receive all kinds of monies from various departments of the government by misrepresentation of facts to receive TARP, CDS, Yield Spread Premiums, Cross Collaritization of Plaintiff's note and security any and all other insurance payouts to alleged Defendant that does not belong to alleged Defendant. These Racketeering acts encompassing various shell and sham entities to fake securitization of Plaintiff's note and security has harmed Plaintiff, the investors and the government. Those stolen monies must be given back to the damaged parties such as Plaintiff and the investors times 3 which is the standard for fraud which must be accounted for through actual accounting with the master servicer.

89. As a direct and proximate result of the alleged Defendant's violation of Title 18 U.S.C § 1961 as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at jury trial and based on actual accounting incorporating all the payments Defendant received from Plaintiff and all other payments they received from TARP, CDS, Yield Spread Premiums, Cross Collaritization of Plaintiff's note and security any and all other insurance payouts to alleged Defendant that does not belong to alleged Defendant, it belongs to Plaintiff and the investors not the alleged Defendant that did not risk a bent penny into this deal.

<u>**3rd CAUSE OF ACTION – Title 18 U.S.C § 1962 (Prohibited Activities)**</u>

19

**[Against Defendant and Doe Defendants]**

90. The allegations in paragraphs 1 through 89 of this TAC are realleged and incorporated herein by this reference.

91. It is unlawful and a prohibited activity by alleged Defendant based on improper representation to Plaintiff that debt collector alleged Defendant is a creditor to Plaintiff when it is not, collect unsubstantiated debt from Plaintiff and when Plaintiff demanded alleged Defendant to verify the alleged debt, alleged Defendant threatened Plaintiff with physical harm while alleged Defendant's attorney BAHR declaring under the penalty of perjury that alleged Defendant is not the holder in due course, the damaged party and party of interest.

92. As a direct and proximate result of the alleged Defendant's prohibited activities as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at jury trial and based on actual accounting incorporating all the payments alleged Defendant received from Plaintiff and all other payments they received from TARP, CDS, Yield Spread Premiums, Cross Collaritization of Plaintiff's note and security any and all other insurance payouts to alleged Defendant that does not belong to alleged Defendant, it belongs to Plaintiff and the investors not the alleged Defendant that did not risk a bent penny into this deal.

## 4th CAUSE OF ACTION – 18 U.S.C § 1964 (Civil Remedies )

**[Against Defendant and Doe Defendants]**

93. The allegations in paragraphs 1 through 92 of this TAC are realleged and incorporated herein by this reference.

94. Plaintiff alleges that Plaintiff and Plaintiff's family have been harmed by alleged Defendant's unlawfully making demands for payments when no demand for payment is due to them while tress passing on Plaintiff's real property and threatening Plaintiff with physical harm on an unsubstantiated alleged debt by reason of a violation of § 1962 and therefore Plaintiff can sue alleged Defendant in this appropriate United States district court and Plaintiff shall therefore be able to recover three fold the damages Plaintiff has sustained and the cost of the suit, including a reasonable attorney's fee.

95. Plaintiff has alleged that Plaintiff has been harmed due to alleged Defendant's violation of law as corroboratively articulated throughout this amended motion and therefore Plaintiff shall be entitled to punitive, actual and special damages to be determined at court's discretion or by jury [due

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

to alleged Defendant's harming Plaintiff's by causing Plaintiff to have sever anxiety, shortness of breath, fear causing emotional stress to Plaintiff demanding payments to Plaintiff on unsubstantiated based on all papers in court of records as well as alleged Defendant's causing headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected, stomach pain and other economic damages to Plaintiff.]

96. As a direct and proximate result of the alleged Defendant's violation of law and civil remedies available to Plaintiff under this federal section 1964 as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at jury trial.

### 5th CAUSE OF ACTION – 18 U.S.C § 1965 (Venue and Process)

97. The allegations in paragraphs 1 through 96 of this TAC are realleged and incorporated herein by this reference.

98. Plaintiff alleges that alleged Defendant has refused to provide not even a single witness to support their false and fraudulent contentions so that Plaintiff can send subpoenas to alleged Defendant's witness(es). Plaintiff has corroboratively shown that the ends of justice require that other parties residing in any other district be brought before this court due to the fact that alleged Defendant have harmed 10s of millions of other American Citizens across our nation and have literally been syndicating their unlawful systematic and pragmatic actions to ruin 350 years of ownership in our country that the framers fought for and millions of others died for while alleged Defendant unlawfully have been displacing 10s of millions of citizen's of our country and stealing People's assets without a claim whatsoever. Our country was founded based on ownership, literally all titles to all private land ownership as well as other ownership such as but not limited to car ownership in our country has been systematically, unlawfully and severely clouded by alleged Defendant and others like alleged Defendant, the court must therefore cause such parties to be summoned, and process for that purpose must be served in any judicial district of the United States by the US marshal.

99. Plaintiff has alleged that cumulative to all other reasons stated on Plaintiff papers on court of records, alleged Defendant's alleged witness(es) [if there are any, and there are none] must be subpoenaed and deposed under the penalty of perjury as a matter of law.

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

100.     Pursuant to 18 U.S.C § 1965(b), " *In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof*", Plaintiff demands that alleged Defendant's alleged witness(es) be summoned by US marshal to appear in court and testify as to contentions that alleged Defendant have made on the record [by and through their alleged hear say substitute who is no one but BAHR]. Plaintiff alleges that there is nothing on the face of the records that proves alleged Defendant is damaged party, party of interest and holder in due course and that the recent California Supreme court decision in re *Glasky* afford Plaintiff to depose alleged Defendant's *witness(es)* if there are any. Plaintiff alleges that BAHR as alleged attorney for alleged Defendant knows full well that alleged Defendant is not party of interest, holder in due course and damaged party and that BAHR has been attempting to abuse color of law in order to continue to unlawfully violate Plaintiff's constitutionally guaranteed rights to life, liberty, pursuit of happiness and Plaintiff's right to his private property and BAHR has admitted so [see RJN Exhibit H].

### 6th CAUSE OF ACTION – 18 U.S.C § 1966 (Expedition of Actions)

101.     The allegations in paragraphs 1 through 100 of this TAC are realleged and incorporated herein by this reference.

102.     Pursuant to 18 U.S.C § 1966, " *In any civil action instituted under this chapter by the United States in any district court of the United States, the Attorney General may file with the clerk of such court a certificate stating that in his opinion the case is of general public importance. A copy of that certificate shall be furnished immediately by such clerk to the chief judge or in his absence to the presiding district judge of the district in which such action is pending. Upon receipt of such copy, such judge shall designate immediately a judge of that district to hear and determine action.*"

103.     Plaintiff submits that since this case affects 10s of millions of other Americans and millions of California citizens, Plaintiff demands to sue alleged Defendant on behalf of himself and other California Citizens and American citizens as a private attorney general.

104.     Moreover, Plaintiff respectfully notices this court of Plaintiff's intention to file a motion **to immediately set up a constructive trust** on the all of the alleged Defendant's assets

22

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

which are stolen monies as there is a undeniable risk that those monies will be laundered back to offshore numbered accounts, which will make it more difficult to trace and cease which will cause additional damages to Plaintiff and the SCARED PUBLIC TRUST. **Alternatively**, due to the obligations that the court has pursuant to judge's Oath of Office, the court must ***Sua Sponte*** set up a constructive trust on all of the assets of alleged Defendant to ensure that the Plaintiff and the Public are no more harmed by the alleged Defendant and the likes of alleged Defendant.

### 7th CAUSE OF ACTION – Title 42 U.S.C § 1981 (Equal Rights Under the Law)
### [Against Defendant and Doe Defendants]

105.      The allegations in paragraphs 1 through 104 of this TAC are realleged and incorporated herein by this reference.

106.      Equal protection and equal rights under the law afford Plaintiff to demand restitution and economic damages paid to Plaintiff by alleged Defendant maliciously and unlawfully threatening Plaintiff and tress passing on Plaintiff's real property, making extortionist demands for payment when no payment to alleged Defendant was and is due to them.

107.      As a direct and proximate result of alleged Defendants' unlawful acts as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at jury trial.

### 8th CAUSE OF ACTION – Title 42 U.S.C § 1982(Property Rights of Citizens )
### [Against Defendant and Doe Defendants]

108.      The allegations in paragraphs 1 through 107 of this TAC are realleged and incorporated herein by this reference.

109.      Plaintiff as an American citizen shall have the same right to inherit, purchase, lease, sell, hold, and convey Plaintiff's personal property.

110.      Plaintiff's Property rights as an American citizen afford Plaintiff to demand restitution and economic damages paid to Plaintiff by alleged Defendant maliciously and unlawfully sending bills to Plaintiff when no payments was due to alleged Defendant, tress passing on Plaintiff's property and making unlawful threats of violence to Plaintiff, specially when Plaintiff specifically demanded that alleged Defendant not to tress pass Plaintiff's property and moreover since all Plaintiff asked alleged Defendant was providing of proof of claim and proof of damaged party.

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

111.     It is unlawful for alleged Defendant to make threat of physical violence to Plaintiff, send bills for payment when no payment is due to alleged Defendant, collect money from Plaintiff based on misrepresentation to Plaintiff that alleged Defendant has a privity with Plaintiff that requires making payments to alleged Defendant when not only alleged Defendant was and is a complete stranger to the alleged transaction but also no money [not a single cent] was due or is due to alleged Defendant. Plaintiff deserves better than be under sever stress, anxiety and other economic harm due to alleged Defendant's unlawful behavior in unlawfully making threat of violence and demand for payments when no money was due to alleged Defendant of any kind from Plaintiff.

112.     As a direct and proximate result of alleged Defendant's unlawful acts as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at trial by jury.

## 9th CAUSE OF ACTION – Violation of Cal. Bus and Prof. Code section 17200, et seq.)
### [Against Defendant and Doe Defendants]

113.     The allegations in paragraphs 1 through 112 of TAC are realleged and incorporated herein by this reference.

114.     Cal. Bus and Prof. Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature.

115.     As more fully described above, alleged Defendant's acts and practices are unlawful, unfair, and fraudulent.  This conduct is ongoing and continues to this date.

116.     Alleged Defendant engage in unfair, unlawful [6], and fraudulent business practices with respect to representing themselves as legitimate and bon fide debt collector when alleged Defendant have acquiesced that there was not and is not any debt owed by Plaintiff to alleged Defendant and DOE Defendants while alleged Defendant tress passed on Plaintiff's real property, made demands for payments when no payment was due to alleged Defendant and threatened Plaintiff with physical violence.

117.     As more fully described above, alleged Defendant's acts and practices are likely to deceive members of public.

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

118.     As more fully described above, alleged Defendant's acts and practices are unfair and the harm caused by the conduct outweighs any benefits that the conduct may have.

119.     Plaintiff alleged that by engaging in the above described acts and/or practices as alleged herein, alleged Defendant violated several laws including Ca. Bus. and Prof. Code section 17200, et seq. and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices in an amount to be determined during jury trial through actual accounting.

120.     Plaintiff alleges that alleged Defendant's  misconduct, as alleged herein, gave alleged Defendant an unfair competitive advantage over their competitors.  The scheme implemented by alleged Defendant is designed to defraud California consumers and enrich the alleged Defendant.

121.     The foregoing acts and practices have caused substantial harm, to California consumers, including Plaintiff.

122.     By reason of the foregoing, alleged Defendant have been unjustly enriched and should be required to make restitution to Plaintiff and, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. And Prof. Code sections 17203 and 17204.

123.     As a direct and proximate result of the alleged Defendant's violation of Bus and Professional code as set forth above, Plaintiff suffered, and continues to suffer, general, punitive and special damages in an amount to be determined at jury trial.

### 10th CAUSE OF ACTION – Accounting
### [Against Defendant and Doe Defendants]

124.     The allegations in paragraphs 1 through 123 of this TAC are realleged and incorporated herein by this reference.

125.     The cause of action for accounting is related to the declaratory relief sought.  To establish a cause of action for accounting all needs to be shown is that there is a relationship between the parties that requires accounting.  Teselle v. McLoughlin (2009) 173 Cal.App.4th 156, 179.  No fiduciary relationship is required for demand of an accounting, and the duty may arise out of a relationship where one party demands money or property, which because of the relationship between the parties, one is obliged to surrender to the other.  The cause of action serves a unique purpose in

---

[6] "Unlawful" acts or practices are those forbidden by law, be it civil or criminal , federal, state, or municipal, statutory, or court-made. *Saunders v. Superior Court*, 27 Cal.4th 832 (1994); *Hewlett v. Squaw Valley*, 54 Cal. 4th 499 (1997).

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

that it serves a discovery function, invoked for determining how much money, if any, a party in entitled.

126.    Plaintiff's TAC alleges the existence of a relationship between the parties based on alleged Defendant demand for an amount of money that, assuming the existence of a valid promissory note, Plaintiff would be obliged to surrender.   However, as stated above, Plaintiff disputes that Plaintiff owes any money to alleged Defendant and it is alleged Defendant that owes money to Plaintiff.   Due to the complexity involved in determining the amounts that may have already been paid towards this alleged debt, or intended to offset this alleged debt, or otherwise received by alleged Defendant in satisfaction of this alleged debt obligation, an accounting is required and the cause of action for accounting is therefore appropriate.

## 11th CAUSE OF ACTION – TORT
### [Against Defendant and Doe Defendants]

127.    The allegations in paragraphs 1 through 126 of this TAC are realleged and incorporated herein by this reference.

128.    TORT is French for wrong, a civil wrong, or wrongful act, whether intentional or accidental, from which injury occurs to another. Torts include all negligence cases as well as intentional wrongs which result in harm. Therefore tort law is one of the major areas of law (along with contract, real property and criminal law), and results in more civil litigation than any other category. Some intentional torts may also be crimes such as **assault, battery**, wrongful death, **fraud, conversion** (a euphemism for theft), and **trespass on property** and form the basis for a lawsuit for damages by the injured party. Defamation, including intentionally telling harmful untruths about another, either by print or broadcast (libel) or orally (slander), is a tort and used to be a crime as well.  Source: http://legal-dictionary.thefreedictionary.com/Civil+tort

129.    Plaintiff alleges as a result of alleged Defendant tress passing on Plaintiff's real property, threatening Plaintiff with physical harm, all because Plaintiff objected to alleged Defendant tress passing on Plaintiff's real property in violation of Penal Code 602, sending bills to Plaintiff when no money is due to alleged Defendant and they acquiesced to it and moreover alleged Defendant threatening Plaintiff with physical harm [see Dckt. Nos. 12 & 18], Plaintiff has been harmed financially, psychologically and Plaintiff is in constant state of fear of being physically harmed by the alleged Defendant.  It is not lawful for alleged Defendant to tress pass on Plaintiff's

26

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

real property and threaten Plaintiff with physical harm, specially when there is no amount due to alleged Defendant.

130.     As a direct and proximate result of the alleged Defendant's violation of tortuous acts as set forth above, Plaintiff suffered, and continues to suffer, punitive, general and special damages in an amount to be determined at jury trial.

### 12th CAUSE OF ACTION – Malicious Conduct
### [Against Defendant and Doe Defendants]

131.     The allegations in paragraphs 1 through 130 of this TAC are realleged and incorporated herein by this reference.

132.     When you examine the alleged Defendant's papers in court of records, you have to wonder if alleged Defendant read the Complaint and Plaintiff's other papers in court file, or Exhibits and judicial notices. Their arguments rest on misstatements of what documents were and their reliance on color of law to interpret the law [falsely], misunderstandings of Plaintiff's facts on the face of the records and arguments, and misinterpretations of California and Federal law is **further confirmation and additional preponderance of evidence of their malice towards Plaintiff. In evaluating whether sufficient allegations of malice, oppression or fraud have been alleged, the complaint will be read as a whole so that even conclusory allegations may suffice when read in context with facts alleged as to the defendant's wrongful conduct.** (*Perkins v. Sup.Ct. (General Tel. Directory Co.)* (1981) 117 CalApp.3d 1, 6-7.) In defining malice for purposes of awarding punitive damages, Civil Code section 3294, subdivision (c)(1) provides: "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or conduct which is carried on by the defendant with a conscious **disregard of the rights** or safety **of others."** To support an award of punitive damages on the basis of conscious disregard of others, a plaintiff "must establish that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences." (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 895-896.)   See Taylor v. Superior Court , 24 Cal.3d 890, "*As we ourselves have recently observed, in order to justify the imposition of punitive damages the defendant '"... must act with the intent to vex, injure, or annoy, or with a **conscious disregard of the plaintiff's rights**. [Citations.]"'* (*Italics added; Neal v. Farmers Ins. Exchange (1978) 21 Cal.3d 910, 922 [148 Cal.Rptr. 389, 582 P.2d 980], quoting from Silberg v. California Life Ins. Co. (1977) 11 Cal.3d 452, 462 [113 Cal.Rptr.*

27

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

*711, 521 P.2d 1103]; accord, Seimon v. Southern Pac. Transportation Co. (1977) 67 Cal.App.3d 600, 607 [136 Cal.Rptr. 787]; G. D. Searle & Co. v. Superior Court (1975) 49 Cal.App.3d 22 [122 Cal.Rptr. 218].)"*

133.     Moreover, alleged Defendant has admitted to court and to Plaintiff that alleged Defendant is not the holder in due course, the damaged party and party of interest but continues to fraudulently attempt to abuse color of law to deny Plaintiff from the smallest amount of due process of law when they have admitted to court and to Plaintiff that they are not damaged party, party of interest and holder in due course as a means of coercion and to force Plaintiff into submission against all standards of human decency and in direct violation of UCL and/or TORTUOUS acts and by their malicious unlawful conduct corroboratively articulated throughout this TAC. Alleged Defendant is [falsely] entering the court as if there is privity between alleged Defendant and Plaintiff thereby making a mockery of our judicial system and entering the "Temple of Justice" with unclean hands, then the court must as a matter of law and according to well established sanctions doctrine by the US supreme court sanction alleged Defendant. Plaintiff contents that the right remedy for sanctions against alleged Defendant is an additional $250,000 payable to court for alleged Defendant's coming to court with unclean hands.

134.     As a result of alleged Defendant's malicious and unlawful conduct relative to Plaintiff's causes of actions explained throughout this TAC, Plaintiff has been economically damaged as corroboratively articulated, amount of those damages must be determined in Plaintiff's trial by jury pursuant to Plaintiff's 7th amendment legal rights. Those damages related to alleged Defendant's causing Plaintiff with punitive, actual and special damages that can be determined at Plaintiff's trial by jury or at court's discretion [due to alleged Defendant's harming Plaintiff's by causing Plaintiff to suffer from sever anxiety, shortness of breath, fear such as alleged Defendant's agent threatened Plaintiff with physical harm and physically tress passing on Plaintiff's real property when alleged Defendant was on notice of no tress pass on Plaintiff's real property which are in court files, headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected and stomach pain].

135.     Moreover, since alleged Defendant and the likes of alleged Defendant are very dangerous creatures and in fact have beaten up people before and even killed people [see Exhibit M], as specifically alleged, Plaintiff has had nightmares, Plaintiff is in constant state of fear and is afraid

28

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

that alleged Defendant may furthermore and additionally tress pass on Plaintiff's real property [as alleged Defendant has before] and cause physical harm to Plaintiff.

136.    It is unlawful to Plaintiff to be in constant state of fear of his life from alleged Defendant. As a professional and technologist, Plaintiff relies on his ability to continuously be able to think in order to create [invent] ideas, products and turn those into reality. As a result of constant fear and anxiety due to alleged Defendant's malicious violation of law based on unlawful prong of UCL and/or tortuous unlawful acts explained throughout this TAC such as for example alleged Defendant's agent tress passing on Plaintiff's real property and threatening Plaintiff with physical harm, Plaintiff's efficiency has been substantially reduced to about 5% which based on 4000 hours of working hours in a year @$250/hour  makes the total economic damages equal to $1,000,000 minus 5% which makes the net economic damages to Plaintiff to be $950,000 and since the alleged Defendant's causation of economic damages in defending a frivolous defense when alleged Defendant knows very well that alleged Defendant is responsible for economic damages to Plaintiff and instead of apologizing to Plaintiff for the harm they have caused Plaintiff and provide a remedy to Plaintiff outside of court, alleged Defendant instead is insisting in defending itself in court without any substance through a hearsay substitute whose main objective it seems is hiding the fraud that has taken place by abusing color of law in attempting to deny Plaintiff from the smallest amount of due process of law and by their insisting in abusing color of law to mask alleged Defendant's unlawful actions under the unlawful prong of UCL with their malicious conduct which continues to this date which is more than 1 year from the date that alleged Defendant has caused these economic damages to Plaintiff which makes the alleged Defendant cumulative economic damages to Plaintiff under the unlawful prong of UCL and malicious conduct at $1,000,000. The other subsequent punitive, special and statuary damages will be determined by Plaintiff's trial by jury or at court's discretion. Plaintiff considers this matter sealed and closed if alleged Defendant pay him $9,000,000 prior to Plaintiff's trial by jury. The fact is that most entrepreneurs such as Plaintiff work 7 days per week and 16 hours if not more per day which makes the total man hours per year to be 5840 hours, so 4000 hours of man hours per year [for economic damages calculation] is very conservative. Plaintiff instead of being able to do what he enjoys doing most which is engineering is forced to learn about law in order to defend his rights afforded to him under the constitution and Bill of Rights.  It is unlawful for Plaintiff to be forced into defending his legal rights by the court not ordering alleged

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

Defendant to pay for Plaintiff's damages as it relates to alleged Defendant's TORTUOUS acts and/or malicious conduct towards Plaintiff, alleged Defendant's tress passing Plaintiff's real property in direct violation of PC 602 when alleged Defendant was noticed of no tress pass on Plaintiff's real property under Plaintiff's UCL claim as it pertains to unlawful prong and/or alleged Defendant's TORTUOUS acts and or alleged Defendant's malicious conduct in harming Plaintiff.  Moreover, due to unlawful acts done to Plaintiff by alleged Defendant as it is corroboratively articulated with facts supporting those on the face of the record,  alleged Defendant must be ordered to pay for Plaintiff's economic damages as it relates to reduction of Plaintiff's efficiency to about 5% as a matter of law. And it is unlawful for Plaintiff to live under state of fear, anxiety, have sever headaches, stomach pain and other damages such as but not limited to be able to enjoy the fruits of his labor due to Plaintiff's reduced efficiency as a direct result of alleged Defendant's violation of law in relation to alleged Defendant's violation of UCL under the TORTUOUS acts in relation to Defendant's violation of  PC 602 and alleged Defendant's agent maliciously threatening Plaintiff with Physical harm [see court files]  but not limited to these alleged Defendant's violation of law as it relates to Plaintiff's UCL claim under unlawful prong based on alleged Defendant's violation of law by their TORTUOUS acts and/or UCL under the unlawful prong and/or alleged Defendant's malicious acts under the unlawful prong of UCL.

137.      Plaintiff requested alleged Defendant to verify the alleged debt [see court files], not only alleged Defendant did not verify the  alleged debt, but also alleged Defendant in order to intimidate, coerce Plaintiff into submission, caused its agents to repeatedly call and harass Plaintiff even tress passed on Plaintiff's property.  When Plaintiff objected to alleged Defendant's agent regarding alleged Defendant's agent tress passing on Plaintiff's real property, instead of alleged Defendant's agent apologizing to Plaintiff for their unlawful violation of law [see PC 602], alleged Defendant's agent threatened Plaintiff with sever physical harm, are we in soviet union?.  Plaintiff was afraid and is afraid of Plaintiff and his family to be harmed criminally by alleged Defendant and its agents [see Exhibits M, O and court files].

138.      It would be inequitable and unlawful to Plaintiff under the Plaintiff's UCL claim as it relates to alleged Defendant's malicious conduct in violation of law, if the court does not order alleged Defendant to pay for Plaintiff's damages as a result of alleged Defendant's causing economic harm to Plaintiff due to Plaintiff's loosing sleep and be on constant alert and guard, guarding his life

30

in fear of alleged Defendant and alleged Defendant's agents causing harm to Plaintiff on 24 hour basis, [see Exhibits O and M other material in court files]. National constitution specific to bill of rights article 4 "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated..." Article 5" No person shall be deprived of life, liberty, or property without due process of law.." and per article 7 " In Suits at Common law, where the value in controversy shall exceed 20 dollars, the right to trial by jury shall be preserved, yet alleged Defendant and alleged attorney BAHR acted in contradiction to Plaintiff's guaranteed unalienable rights through assisting a fictional entity, under the color of law, to make a theft of Plaintiff's property damaging Plaintiff maliciously by their unlawful acts.

139.     Plaintiff had to rush to the court to make sure that alleged Defendant can not unilaterally deprive Plaintiff from Plaintiff's constitutionally guaranteed rights and steal Plaintiff's property and get Plaintiff's property for free while criminally tress passing on Plaintiff's real property and threatening Plaintiff with Physical harm damaging Plaintiff economically, psychologically and from a health perspective. It is just unlawful. Perhaps alleged Defendant believes that we are in Soviet Union where alleged Defendant can do whatever it wants to Plaintiff without being accountable under the law?

140.     The Court should evaluate this Defendant's conduct from the perspective of "a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1226 (E.D. Cal. 2010) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)).

141.     It is unlawful that Plaintiff live in constant state of fear due to alleged Defendant's agent threatening Plaintiff with Physical harm while alleged Defendant damaging Plaintiff economically due to Plaintiff's reduction in efficiency, constant state of fear, anxiety and other economic damages to Plaintiff as corroboratively stated above and throughout this TAC.

### 13th CAUSE OF ACTION – UCL (Under The Unlawful Prong)
### [Against Defendant and Doe Defendants]

142.     The allegations in paragraphs 1 through 141 of this TAC are realleged and incorporated herein by this reference.

31

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

143.      To state a claim based on the unlawful prong, Plaintiff must allege that Defendant's practices are "forbidden by law, be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court made". *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).

144.      Plaintiff has alleged that alleged Defendant has harmed Plaintiff in **Plaintiff's other causes of actions stated throughout this TAC.** Therefore, Plaintiff's UCL Claim under the unlawful prong must be granted as a matter of law. *See Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App 1544, 1554 (2007) ("a violation of another law is a predicate for stating a cause of action" under unlawful prong).

145.      Plaintiff considers this matter closed and satisfied if alleged Defendant pay Plaintiff $9,000,000 prior to jury trial. However, Plaintiff prefers the faith of alleged Defendant to be determined by jury as it relates to Plaintiff's economic damages relative to Plaintiff's punitive and special damages, and causes of action articulated throughout this TAC.

### 14th CAUSE OF ACTION – IRS Whistel Blower Program (Under The Unlawful Prong of UCL)

### [Against Defendant and Doe Defendants]

146.      The allegations in paragraphs 1 through 145 of this TAC are realleged and incorporated herein by this reference.

147.      The IRS Whistleblower Office pays money to people who blow the whistle on persons who fail to pay the tax that they owe. If the IRS uses information provided by the whistleblower, it can award the whistleblower up to 30 percent of the additional tax, penalty and other amounts it collects. Source : http://www.irs.gov/uac/Whistleblower-Informant-Award

148.      Plaintiff has alleged that the alleged Defendant faked securitization of Plaintiff's note and security to receive monies from investors and several agencies of government through TARP, CDSs, Cross Collaritization of Plaintiff's note and security, Yield Spread Premiums, tax write offs, and other insurance payouts to alleged Defendant and sold Plaintiff's note and security to multiple parties without recording those sales to avoid paying taxes to IRS and without investing a single penny.

149.      Plaintiff has alleged that the trust was a sham entity that had no bank account, was not properly formed and was used primarily as one of ruses that alleged Defendant used to launder illegal drug monies, stolen monies from Plaintiff, the public and the investors including various

department of the government.  Moreover, Plaintiff has alleged that alleged Defendant's reporting to various government agencies such as but not limited to IRS, SEC, the government and others are inconsistent to enable alleged Defendant to improvise false stories to receive all kinds of monies when they are not entitled to, damaging the Plaintiff, the retirement funds of poor retired *people, "For me, bankruptcy might as well be a **life sentence**," said Gary Jones, a **retired police officer**, who was diagnosed with a **brain tumor** 10 years ago. Jones said his medical insurance enabled him to undergo chemotherapy and other treatments, which he said will be **unaffordable** at the lower level of coverage. During the past three years, the city has dealt with $90 million in deficits in part through drastic **cuts in police and fire personnel**, even as residents said they have to deal with **recurring break-ins and robberies, a climbing murder rate, homelessness and plummeting property values**... "The average citizen will not put up with this," said Gregory Pitsch, a 22-year-old unemployed resident who made an unsuccessful run for mayor. "Their home prices have plummeted, they have no jobs, a lot of people are getting fed up so that they have to resort to crime."*

*Betty Garcia, who co-owns a downtown jewelry store with her husband, said her community is starting a neighborhood watch group to respond to a rise in crime and lack of police response, which they expect will only get worse.*

***"We already hear gunshots every night,"*** *Garcia said. "It's becoming like listening to the train go by. People don't even call the cops anymore.""* Source:

http://www.foxnews.com/us/2012/06/27/stockton-official-mediation-with-creditors-fails/

150.     It will be inequitable for alleged Defendant not to provide the true double entry accounting general ledger through GAAP accounting incorporating all credits and debits from the master servicer of the alleged trust because it would deprive Plaintiff from award of the IRS whistleblower program that would otherwise enable Plaintiff to receive up to 30 percent of the additional tax, penalty and other amounts that IRS collects [7], [See Exhibit N].

## 15th CAUSE OF ACTION – Attorney Fees

---

[7] Plaintiff will give 50% of all the monies that is collected from IRS whistle blower program to whoever that initiates and successfully concludes the collection of these monies from IRS as a result of alleged Defendant's violation of law subject to a definitive agreement to be drawn and executed by all parties at a later date and subject to all applicable laws. Plaintiff has at all times had a claim on the IRS whistle blower program against alleged Defendant and Doe Defendants as a result of Plaintiff's discovery from the first date of Plaintiff's filing in court of records.

33

**[Against Defendant and Doe Defendants]**

151.    The allegations in paragraphs 1 through 155 of this TAC are realleged and incorporated herein by this reference.

152.    Plaintiff alleges since this case affect 10s of millions of other California and American citizens, Plaintiff is seeking attorney fees for prosecuting alleged Defendant for their unlawful conduct against Plaintiff and "We the People".

153.    As explained by one court:   Section 1021.5 is a codification of the private attorney general doctrine adopted by the California Supreme Court in *Serrano v. Priest* (1977) 20 Cal.3d 25 [141 Cal.Rptr. 315, 569 P.2d 1303] (Serrano III). This section allows an award of attorney fees to "a successful party" in an action which has resulted in the enforcement of an important right affecting the public interest if: a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, the necessity and financial burden of private enforcement make the award appropriate, and such fees should not in the interest of justice be paid out of any recovery. (§ 1021.5; *Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 317-318 [193 Cal.Rptr. 900, 667 P.2d 704].)        The fundamental objective of the private attorney general theory is to encourage suits effecting a strong public policy by awarding substantial attorney fees to those whose successful efforts obtain benefits for a broad class of citizens. (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 933 [154 Cal.Rptr. 503, 593 P.2d 200].) Without a vehicle for award of attorney fees, private actions to enforce important public policies will frequently be infeasible. (*Baggett v. Gates* (1982) 32 Cal.3d 128, 142 [185 Cal.Rptr. 232, 649 P.2d 874].)

The decision to award attorney fees rests initially with the trial court: utilizing its traditional equitable discretion, the trial court must "'realistically assess the litigation and determine, from a practical perspective,'" whether the statutory criteria have been met. (*Baggett v. Gates, supra*, 32 Cal.3d 128, 142; *Mandicino v. Maggard* (1989) 210 Cal.App.3d 1413, 1416 [258 Cal.Rptr. 917].)   (*Hull v. Rossi* (1993) 13 Cal. App. 4th 1763, 1766-1767.)

See U.S. prepares to take action against JPMorgan over Madoff.  In what would be an almost unheard of move when it comes to U.S. banks, the FBI and the U.S. attorney's office are in talks with JPMorgan (JPM) about imposing a deferred prosecution agreement over allegations that the bank turned a blind eye to Bernie Madoff's Ponzi scheme, the NYT

34

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

reports.   Authorities would suspend criminal charges against JPMorgan but impose a fine and other concessions, and warn the bank that it will face indictments over any future misconduct. ""The words PONZI SCHEME and FRAUD applied to the false claims of securitization and asset and mortgage meltdown has been largely dismissed by policy makers, law enforcement and regulators. Instead we heard the terms RISKY BEHAVIOR and RECKLESSNESS. Now law enforcement has finally completed its investigation and determined that those who set the tone and culture of Wall Street were deeply involved in the Madoff PONZI scheme and were regularly committing FRAUD in the creation and sale of asset and mortgage bonds and the underlying "DEFECTIVE" loans. The finding shows that these plans were not risky nor reckless. They were intentional and designed to deceive and cause damage to everyone relying upon their false representations. The complex plan of **false claims of securitization is now being pierced making claims of "plausible deniability" RISKY and RECKLESS.** --- Neil F Garfield, www.livinglies.me   October 24, 2013.

It's easy to imagine the closing argument for exemplary or punitive *damages --- "$10 billion wasn't enough to stop them, $25 billion wasn't enough to stop of them, so you, members of the jury, must decide what will get their attention without putting them out of business. You have heard evidence of the tens of billions of dollars in profits they have reported. It's up to you to decide what will stop the banks from manipulating the marketplace, fraudulently selling defective loans to borrowers and pension funds alike with the intention of deceiving them and knowing that they would reasonably rely on their misrepresentations. You decide."*

**WHEREFORE,** Plaintiff having set forth Plaintiff's claims for relief against the alleged Defendant respectfully pray of the Court as follows:

        A.     That Plaintiff have and recover against the alleged Defendant a sum to be determined by the Court in the form of actual damages;

        B.     That Plaintiff have and recover against the alleged Defendant a sum to be determined by the Court in the form of statutory damages;

        C.     That Plaintiff have and recover against the alleged Defendant a sum to be determined by the Court in the form of punitive damages;

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

D.      That Plaintiff have and recover against the alleged Defendant all reasonable legal fees, attorney fees and expenses incurred;

E.      That this Court order the alleged Defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of Business And Prof. Code Section 17200.

F.      That this Court enter a judgment in favor of Plaintiff for a claim in the nature of alleged Defendant's Unjust Enrichment.

G.      That this Court enter a judgment in favor of Plaintiff for declaratory relief;

H.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's failure to prevent harm to Plaintiff;

I.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's violation of Title 42 USC § 1981;

J.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's violation of Title 42 USC § 1982;

K.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's violation of Title 18 USC § 1961;

L.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's violation of Title 18 USC § 1962;

M.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's violation of Title 18 USC § 1964;

N.      That this Court enter a judgment in favor of Plaintiff in accordance with Title 18 USC § 1965;

O.      That this Court enter a judgment in favor of Plaintiff in accordance with Title 18 USC § 1966;

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

P.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's tortuous acts;

Q.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's malicious conduct;

R.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's supplying all the GAAP and accounting records incorporating true double entry credits and debits from the master servicer incorporating all TARP, CDS, Yield Spread Premiums, Cross Collaritization of Plaintiff's note and security and all other payments and insurance payouts that alleged Defendant received  as well as alleged Defendant's accounting submissions to IRS and SEC;

S.      That this Court enter a judgment in favor of Plaintiff for alleged Defendant's UCL violations;

T.      That the underlying alleged debt to the alleged Defendant be forever canceled and discharged; and

U.      That the Plaintiffs have such other and further relief as the Court may deem just and proper.


Respectfully submitted,

signed reserving all my rights at UCC 1-207 & 1-308

DATED: The 16th day of  September, in the year 2014.



BY: _____,

Fareed :Sepehry-Fard, Plaintiff, Sui Juris

37

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

[PROPOSED] **ORDER**

AND NOW, this day of                    , 2014, upon consideration of Plaintiff Fareed :Sepehry-Fard's THIRD AMENDED COMPLAINT

(Docket No.          ), and any responses thereto, **IT IS HEREBY ORDERED** that:

1.      Said Third Amended Complaint is GRANTED; and

2.      Trial by jury shall be set for                    if Defendant appears in court of record through competent fact witnesses with first hand knowledge of facts of the case and with affidavits signed and notarized under the penalty of perjury attesting to Defendant's being a holder in due course, damaged party and party of interest within 30 days from this order, otherwise, the court will summarily award Plaintiff's Third Amended Complaint WITH PREJUDICE.

OR

1.      Said Third Amended Complaint is GRANTED; and

2.      Since Defendant has not appeared in court through competent fact witness(es) with the first hand knowledge of the facts of the case, the court summarily award Plaintiff's Third Amended Complaint *Sua Sponte* WITH PREJUDICE.

3.      Defendant shall pay $ 9,000,000 for their violation of law to Plaintiff within 10 days from this order due to Defendant's harming Plaintiff by causing Plaintiff to have sever anxiety, shortness of breath, fear such as Defendant's agent threatened Plaintiff with physical harm and physically tress passing on Plaintiff's real property when Defendant was on notice of no tress pass on Plaintiff's real property which are in court files, headaches, humiliation and embarrassment, hypertension, hysteria, irritability, nausea, privacy loss, relationships affected, reputation affected, stomach pain for Defendant's violation as it relates to all of Plaintiff's causes of action in Plaintiff's Third Amended Complaint.

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

4.      Defendant shall pay $250,000 to court within 10 days from this order for Defendant's coming to court with unclean hands and disrespecting the "Temple of Justice".


Dated: _____              _____

                                     Honorable Judge Beth Labson Freeman
                                     UNITED STATES DISTRICT COURT JUDGE

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]

## PROOF OF SERVICE

I, Parvin Heshmati do hereby solemnly declare that on September 16, 2014, I did cause to be delivered by USPS mail a true and correct copy of the foregoing instruments ("THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]") including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below except the ones that have identified by Plaintiff, Plaintiff personally served those:


_____
Parvin Heshmati
12309 Saratoga Creek Dr., Saratoga, CA, 95070
Tel: 408 873 8732


TO:

1.    BYRON J. BAHR (RESPONDENT),
      COOKSEY, TOOLEN, GAGE, DUFFY & WOOG (RESPONDENT),
      535 Anton Boulevard, Tenth Floor
      Costa Mesa, California 92626-1977


2.    United States District Court
      Original for Clerk and one copy clearly marked for chambers
      By Plaintiff's personal delivery to:
      United States District Court, Robert F. Peckham Federal Building
      280 South 1st Street, 2nd Floor, Clerk's office, San Jose, CA, 95113

CASE NO: CV13-02784 BLF (MEJ), THIRD AMENDED COMPLAINT AND [PROPOSED] ORDER [Dckt. No. 107]