United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FAREED SEPEHRY-FARD,

Plaintiff,

v.

MB FINANCIAL SERVICES,

Defendant.

Case No. 13-cv-02784-BLF

**ORDER GRANTING, WITH PREJUDICE, DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT; DENYING PLAINTIFF'S MOTION**

[Re: ECF 110, 112]

This is a case about a loan on a 2006 Mercedes-Benz automobile. Plaintiff Fareed :Sepehry-Fard, proceeding *pro se*,[1] sues defendant Mercedes-Benz Financial Services USA LLC[2] on a variety of claims related to this loan. Before the Court are two motions by the parties: Defendant's Motion to Dismiss the Third Amended Complaint, ECF 110, and Plaintiff's Motion for Proof of Authority of Alleged Attorney to Represent Alleged Defendant and Request for Partial Summary Judgment, ECF 112. Having carefully considered the parties' respective written submissions, the Court GRANTS Defendant's Motion to Dismiss with prejudice and DENIES Plaintiff's motion.

## I.   BACKGROUND

Before turning to the allegations in the TAC, the Court notes that Plaintiff filed, along with his TAC, a "Declaration and Request for Judicial Notice in Support of Third Amended Complaint." Pl.'s Request for Judicial Notice ("RJN"), ECF 109. The "declaration" offers no

---

[1] Plaintiff chooses to punctuate his name with a colon and identify himself as "*sui juris*." *See* Pl.'s Opp., ECF 111. To the extent Plaintiff seeks relief from this Court as a "self represented non attorney," *id.* at 1, he shall be treated as a "natural person appearing *pro se*" pursuant to Civil Local Rule 3-9(a). The rules do not permit Plaintiff to appear in any other capacity.

[2] The Court understands that Defendant was erroneously sued as "MB Financial Services."

United States District Court
Northern District of California

1   substantive testimony, only an identification of the seventeen exhibits for which Plaintiff seeks

2   judicial notice.  Most of these exhibits are not appropriate for judicial notice, as they are private

3   correspondence between Plaintiff and Defendant or otherwise contain disputed facts that are not

4   "generally known within the trial court's territorial jurisdiction" or can be "accurately and readily

5   determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201;

6   *see* Pl.'s RJN Exhs. A-K, M, O-P.  Plaintiff, however, refers to these exhibits throughout the TAC.

7   As such, and solely for purposes of Defendant's Motion to Dismiss, the Court shall treat the

8   exhibits attached to Plaintiff's request for judicial notice as incorporated by reference into the

9   TAC.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents

10   attached to the complaint, documents incorporated by reference in the complaint, or matters of

11   judicial notice without converting the motion to dismiss into a motion for summary judgment).

12          **A.    Factual Background**

13          Plaintiff disputes that he owes a debt on a 2006 Mercedes-Benz.  The dispute is based on

14   Plaintiff's allegations that Defendant is "a total stranger" to him; that it "misrepresented to

15   Plaintiff that alleged Defendant has paid for Plaintiff's car when it did not"; and that Defendant

16   "faked loaning money to Plaintiff and for several years collected money on an unsubstantiated

17   debt."  TAC ¶¶ 21-22, 25.  Plaintiff questions the ability of Defendant—Mercedes-Benz Financial

18   Services USA LLC—to collect on the car loan he signed (which he alleges to be forged), which

19   loan was assigned to "DCFS USA LLC."  *Id.* ¶¶ 29-31, 67; Pl.'s RJN Exh. L.  As a result, Plaintiff

20   alleges that Defendant is not the "holder in due course," "not a real and beneficial party of

21   interest," and accordingly lacks legal right to collect on the debt, or to repossess Plaintiff's car to

22   enforce the promissory note.  *See* TAC ¶¶ 29-31, 34, 40; *see also id.* ¶ 45 (Defendant has no right

23   to collect on the loan because "Defendant did not pay any money for Plaintiff's car").

24          It appears that at some point, after making regular payments on the loan to Defendant,

25   Plaintiff stopped making such payments on the theory that they are not owed to Defendant.  *Id.* ¶

26   38.  Plaintiff then went on the offensive and sent a series of correspondence to Defendant

27   demanding, *inter alia*, Defendant's "proof of claim."  *Id.* ¶ 39; Pl.'s RJN Exhs. A-K.  Defendant

28   did not respond to these letters, which Plaintiff interprets as Defendant's "acquiescence to

judgment" for Plaintiff.  TAC ¶¶ 41-42.  In spite of this "acquiescence," Plaintiff alleges that Defendant "threatened Plaintiff with physical harm and tress passed [sic] on Plaintiff's property when alleged Defendant was on notice of no tress pass [sic] in violation of PC 602."  TAC ¶ 23; *see also id.* ¶¶ 6, 12, 42, 51.

Although not expressly alleged, Plaintiff also appears to be suggesting that the underlying car loan was securitized at some point.  *See* TAC ¶¶ 70, 81, 88; *see also* Pl.'s RJN Exh. N.

**B.   Procedural History**

Plaintiff filed the instant lawsuit on June 18, 2013 asserting claims against Defendant for negligence; violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227; violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and for recoupment.  On January 13, 2014, the Court granted Defendant's first motion to dismiss, affording Plaintiff leave to amend the TCPA and recoupment claims and the UCL claim under the unlawful prong.  Order re Mots. at 4-7, ECF 59.  In dismissing Plaintiff's FDCPA claim without leave to amend, the Court determined that "Defendant is not subject to the FDCPA regarding its alleged efforts to collect on the debt owed to itself regarding the vehicle," concluding that Defendant does not fall with the FDCPA's definition of "debt collector" in 15 U.S.C. § 1692a(6). *Id.* at 5-6.  The Court also dismissed without leave to amend Plaintiff's UCL claims under the unfair and fraudulent prongs.  *Id.* at 7.

Plaintiff filed his First Amended Complaint ("FAC") on February 6, 2014, and this case was reassigned to the undersigned on April 17, 2014.  On May 10, 2014, this Court granted Defendant's second motion to dismiss and gave Plaintiff leave to amend only his TCPA claim and his UCL claim under the unlawful prong.  Order Granting Mot. to Dismiss FAC at 10, ECF 85. Plaintiff filed his Second Amended Complaint ("SAC") on June 13, 2014, followed shortly thereafter by a motion for leave to file a Third Amended Complaint ("TAC") on July 1, 2014. Defendant filed a statement of non-opposition to the latter motion, and this Court accordingly granted Plaintiff's motion for leave to amend on September 15, 2014.  *See* ECF 107.  The TAC filed September 16, 2014 at ECF 108 is now the operative complaint.

United States District Court
Northern District of California

1    In sharp contrast to prior iterations of the complaint, Plaintiff's TAC now asserts fifteen

2    causes of action ("COA") against Defendant for: (1) unjust enrichment (First COA); (2) violations

3    of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et*

4    *seq.* (Second, Third, Fourth, Fifth, and Sixth COAs); (3) violation of 42 U.S.C. § 1981 (Seventh

5    COA); (4) violation of 42 U.S.C. § 1982 (Eighth COA); (5) violation of California's Unfair

6    Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Ninth COA); (6) accounting (Tenth

7    COA); (7) "tort" (Eleventh COA); (8) malicious conduct (Twelfth COA); (9) violation of the

8    California UCL under the "under the unlawful prong" (Thirteenth COA); (10) "IRS Whistel [sic]

9    Blower Program (Under the Unlawful Prong of UCL)" (Fourteenth COA); and (11) attorney fees

10   (Fifteenth COA).  The only claim from the original complaint that remains is the Thirteenth COA

11   under the UCL.

12   **II.   LEGAL STANDARD**

13   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

14   sufficiency of the claims alleged in the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200

15   (9th Cir. 2003).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable

16   legal theory" or on "the absence of sufficient facts alleged."  *Balistreri v. Pacifica Police Dept.*,

17   901 F.2d 696, 699 (9th Cir. 1988).

18   To survive a motion to dismiss, a complaint must plead sufficient factual matter that, when

19   accepted as true and construed in the light most favorable to the non-moving party, "allows the

20   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

21   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court does not accept as true "allegations that are

22   merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead*

23   *Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A pleading that offers "labels and

24   conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions

25   devoid of further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at

26   678 (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

27   Here, the Court is mindful that "a document filed pro se is 'to be liberally construed,' and

28   'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

4

1    formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

2    *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Unless it is absolutely clear that no amendment can

3    cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an

4    opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

5    (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041

6    (9th Cir. 2014)).  Conversely, leave to amend may be denied if amendment would be futile, and a

7    district court's discretion to deny leave to amend is "particularly broad" where a plaintiff has

8    previously amended unsuccessfully.  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.

9    2013) (citing *Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir. 1996)).

10   ## III.   DEFENDANT'S MOTION TO DISMISS

11        Defendant contends that none of Plaintiff's claims is properly pled and asks that this Court

12   dismiss the case without further leave to amend.  Def.'s Mot., ECF 110.  The Court agrees.

13       ### A.   Unjust Enrichment (First COA) and Other Claims that Sound in Fraud

14        The gravamen of a number of Plaintiff's claims is that Defendant "misrepresented" its

15   legal right to collect on the automobile loan at issue and has wronged Plaintiff by continuing to

16   collect on an "unsubstantiated debt."  *See, e.g.*, FAC ¶¶ 22-23, 25, 45, 47.  The claims based on

17   this assertion are unjust enrichment (First COA), *id.* ¶ 85 (alleging that Defendant fraudulently

18   collected money on "unsubstantiated debt"; RICO (Second through Sixth COAs), *id.* ¶¶ 88-104

19   (alleging that, *inter alia*, Defendant faked securitization and fraudulently collected on

20   "unsubstantiated debt"); and UCL claim based on fraudulent conduct (Ninth COA).  These claims

21   sound in fraud and must satisfy the heightened pleading requirements of Federal Rule of Civil

22   Procedure 9(b).[3]

23        "In alleging fraud or mistake, a party must state with particularity the circumstances

24   constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Plaintiff must therefore allege the "who,

25

26   [3] Plaintiff's claims for accounting (Tenth COA), malicious conduct (Twelfth COA), "IRS Whistel
     Blower Program" (Fourteenth COA), and attorney fees (Fifteenth COA) could also be construed
27   to encompass allegations of fraud, particularly because each COA re-incorporates the entirety of
     the preceding allegations.  As explained below, however, these claims are deficient because they
28   are either not legally cognizable claims or simply remedies for the other claims.

*Left margin:* United States District Court / Northern District of California

United States District Court
Northern District of California

1    what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d

2    993, 998 (9th Cir. 2010); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir 2003); *see*

3    *also* Order Granting Mot. to Dismiss FAC at 8 n.9. Plaintiff's conclusory allegation that

4    Defendant committed fraud by collecting on an "unsubstantiated debt" does not properly identify

5    the "who, what, when, where, and how" of the supposed misconduct. Moreover, Plaintiff's theory

6    of fraud is not legally sound.

7           As an initial matter, the Court agrees with Defendant's assessment that the new claims in the

8    TAC are, in substance, an improper attempt to revive the FDCPA claim that was dismissed

9    with prejudice because Defendant is not a "debt collector" within the meaning of that law. *See*

10   Def.'s Mot. 6; Order re Mots. at 6. As previously stated, the allegations of Defendant's

11   misconduct depend on Defendant's alleged status as a "debt collector" that is fraudulently

12   collecting on an "unsubstantiated debt." *Id.*; *see, e.g.*, TAC ¶¶ 21-23, 38, 45. Plaintiff effectively

13   concedes that his claims revive the assertion that Defendant is a debt collector (in Plaintiff's

14   words, "not the holder in due course, the damaged party and party of interest," Pl.'s Opp. 8) but

15   contends that the finding that Defendant is not a debt collector was made before the case was

16   reassigned to the undersigned and that this Court should "Sua Sponte correct the record since the

17   justice requires the court to do so, that alleged Defendant is a debt collector attempting to collect a

18   debt under Rule 60(a)." Pl.'s Opp. 9. Plaintiff is thus effectively seeking reconsideration of the

19   Court's prior ruling in this case.

20          Plaintiff erroneously cites to the Rule 60(b) standard (placing unexplained emphasis on

21   certain words), *see id.* at 8 n.1, and ultimately identifies no basis for reconsidering the Court's

22   prior determination that Defendant is not a debt collector.[4] Construing Plaintiff's argument

23   generously, he appears to be basing both his request for reconsideration and his substantive theory

24   of fraud on the fact that the loan document indicates that the loan at issue was assigned to "DCFS

25   USA LLC" and not to Defendant "Mercedes-Benz Financial Services USA LLC." *See* Pl.'s RJN

26

27   ─────────────────────────

     [4] For requests to reconsider a prior interlocutory order, this Court applies the standard set forth in

28   Civil Local Rule 7-9.

United States District Court
Northern District of California

1    Exh. L; Pl.'s Opp. 8.  This fact, alone, does not warrant reconsideration of the determination that

2    Defendant is not a debt collector because Plaintiff alleges that Defendant is a "servicer" who was

3    servicing the loan before he defaulted.  *See* TAC ¶¶ 26, 38.  Defendant identified itself as such in

4    the bill that Plaintiff attached to his "Proof of Claim."[5]  *See* Pl.'s RJN Exh. A.  Servicers that

5    obtain the right to collect on a debt before it is contractually overdue are exempt from the

6    definition of "debt collector" under the FDCPA.  *De Dios v. Int'l Realty & Investments*, 641 F.3d

7    1071, 1075-76 (9th Cir. 2011).

8          More fundamentally, Plaintiff has alleged no facts in support of his claim of fraud, only

9    conclusions based on his own interpretation of what the law requires before Defendant can

10   properly collect on the underlying car loan.[6]  *See* TAC ¶¶ 21-23, 39-41 (assertions that Defendant

11   is a "stranger" because it is not a "holder in due course" and that Defendant "acquiesced" to

12   judgment for Plaintiff because it did not respond to Plaintiff's numerous demand letters).  District

13   courts routinely reject similar allegations that a servicer commits fraud in collecting on a note that

14   it does not own or physically hold.  *See Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253,

15   1264 (D. Haw. 2012); *Boyter v. Wells Fargo Bank, N.A.*, No. C 11-03943 SI, 2012 WL 1144281,

16   at *7 (N.D. Cal. Apr. 4, 2012) (dismissing unjust enrichment claim because alleging Wells Fargo,

17   the servicer on the plaintiff's loan, did not have the right to collect payments on plaintiff's loan,

18   "standing alone, fails to state a claim"); *Peay v. Midland Mortg. Co.*, No. CIV. 09-2228 WBS

19   KJM, 2010 WL 476677, at *2 (E.D. Cal. Feb. 3, 2010); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d

20   1047, 1056 (E.D. Cal. 2009).

21         Because Plaintiff fails to plead fraud with particularity, his claim for unjust enrichment

22   (First COA) must be dismissed.  Plaintiff's RICO and UCL claims suffer from the same deficient

23   allegations of fraud but, as addressed below, are also deficient in other respects.

24   _____

25   [5] In fact, publicly available information suggests that "DCFS USA LLC" and "Mercedes-Benz
     Financial Services USA LLC" are actually the same entity.

26   [6] The Court notes that Plaintiff has made similar assertions with respect to his home mortgage
27   loans.  *See Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at
     *10 (N.D. Cal. Jan. 26, 2015) ("nearly all of the allegations in the instant lawsuit stem from
28   Plaintiff's claim that Defendants cannot enforce the terms of Plaintiff's mortgages because
     Defendants do not own Plaintiff's debt or possess the promissory note to the property").

United States District Court
Northern District of California

**B.    RICO Claims (Second, Third, Fourth, Fifth, and Sixth COAs)**

Plaintiff asserts five causes of action pursuant to various provisions of the RICO statute. *See* TAC ¶¶ 87-104.  A number of the provisions on which Plaintiff relies are not substantive. *See, e.g.*, TAC at 21 ("5th Cause of Action – 18 U.S.C. § 1965 (Venue and Process)").  The Court therefore construes the Second, Third, Fourth, Fifth, and Sixth COAs as a single civil RICO claim. The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'"  *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).  A "pattern" requires at least two acts of racketeering activity.  18 U.S.C. § 1961(5).  "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice."  *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); *see also Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-CV-03131-WHO, 2013 WL 6574774, at *8 (N.D. Cal. Dec. 13, 2013) ("*DSNB*").  A civil RICO fraud claim must be stated with particularity pursuant to Federal Rule of Civil Procedure 9(b).  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004).

Construed liberally, Plaintiff appears to be alleging the following predicate acts perpetrated by Defendant: (1) the "fake" securitization of Plaintiff's car loan, TAC ¶ 88; (2) Defendant's "improper representation" that it is not a debt collector, *id.* ¶ 91; (3) Defendant's unlawful collection activities, *id.* ¶ 94; (4) and Defendant's refusal to respond to Plaintiff's discovery requests, *id.* ¶¶ 98-100.  *See also* Pl.'s Opp. 11-15.  None of these suffices to establish a pattern of racketeering activity.

It is unclear what Plaintiff means when he alleges that Defendant faked the securitization of his loan.  There are no facts alleged to suggest this type of fraud.  To the extent that Plaintiff contends the securitization of his car loan rendered it unenforceable, that theory has been soundly rejected.  *See Hague v. Wells Fargo Bank, N.A.*, No. C11-02366 TEH, 2011 WL 6055759, at *6 (N.D. Cal. Dec. 6, 2011); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Mulato v. WMC Mortg. Corp.*, No. C 09-03443 CW, 2010 WL 1532276, at *2 (N.D. Cal. Apr. 16, 2010); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D.

United States District Court
Northern District of California

Cal. 2009); *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.

Cal. Sept. 1, 2009).  As explained above, to the extent Plaintiff bases predicate acts upon

Defendant's alleged misrepresentation of its legal right to collect on Plaintiff's car loan, that fraud

is inadequately pled and not legally sound.  Further, "[t]here is absolutely no legal support for

plaintiff's repeated claim that the failure of defendants to respond to various 'facts on the record'

creates legally binding admissions."  *DSNB*, 2013 WL 6574774, at *8.  Defendant's other alleged

acts do not constitute predicate acts establishing a pattern of racketeering activity, nor has Plaintiff

alleged that those acts proximately caused him "concrete financial loss, and not mere injury to a

valuable intangible property interest."  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th

Cir. 2002).  Furthermore, Plaintiff has failed to identify an enterprise that is separate and distinct

from the person or entity that he seeks to hold liable under the RICO statute.  *See George v. Urban*

*Settlement Servs.*, No. 13-CV-01819-PAB-KLM, 2014 WL 4854576 (D. Colo. Sept. 30, 2014).

Courts routinely reject plaintiffs' attempts to recast straightforward debt collection and

foreclosure proceedings as a pattern of racketeering activity.  *See Hoang v. JPMorgan Chase*

*Bank, N.A.*, No. 5:13-CV-00582 EJD, 2013 WL 1436125, at *5 (N.D. Cal. Apr. 9, 2013);

*Zacharias v. JP Morgan Chase Bank, N.A.*, No. 12–06525 SC, 2013 WL 588757 (N.D. Cal.

Feb.13, 2013).  In a similar vein, the Court finds no plausible pattern of racketeering activity in

Plaintiff's allegations concerning Defendant's straightforward collection activities with regard to

the underlying automobile loan.  As such, the Court GRANTS Defendant's Motion to Dismiss

with respect to Plaintiff's civil RICO claims (Second, Third, Fourth, Fifth, and Sixth COAs).

### C.   Civil Rights Claims (Seventh and Eighth COAs)

Plaintiff asserts two claims pursuant to 42 U.S.C. §§ 1981 and 1982.  TAC ¶¶ 105-112.

Section 1981 protects the rights of all citizens "to make and enforce contracts, to sue, be parties,

give evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981.  Similarly, § 1982

provides that "[a]ll citizens of the United States shall have the same right, in every State and

Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey

real and personal property."  42 U.S.C. § 1982.  Both sections trace their origins to § 1 of the Civil

United States District Court
Northern District of California

Rights Act of 1866, and prohibit racial discrimination that impairs an individual's rights to contract and hold property. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."); *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987) (§ 1982 protects against impairment of property rights based on racial animus toward the "kind of group that Congress intended to protect when it passed the statute").

Plaintiff has not alleged any facts to suggest that Defendant has impaired his right to contract or to hold and acquire personal property because of his membership in a protected class. Rather, Plaintiff's claim rests on Defendant's alleged lack of legal right to collect on a car loan and on other unlawful conduct that allegedly affects "10s of millions of other Americans and millions of California citizens." TAC ¶ 103. As such, Plaintiff fails to state claims under 42 U.S.C. §§ 1981 and 1982, and Defendant's Motion to Dismiss is accordingly GRANTED with respect to those claims (Seventh and Eighth COAs).

**D.    UCL Claims (Ninth and Thirteenth COAs)**

As described above, Plaintiff's UCL claims are substantively deficient to the extent that they are predicated upon Defendant's alleged misconduct regarding Plaintiff's car loan. The Court furthermore agrees with Defendant that the Ninth COA, which this Court construes as a UCL claim under the unfair and fraudulent prongs, is an improper attempt to revive claims that were previously dismissed with prejudice. Def.'s Mot. 7; Order re Mots. at 7 (dismissing UCL claims under the unfair and fraudulent prongs without leave to amend). This alone warrants dismissal of the Ninth COA. With respect to the Thirteenth COA, which is construed as a UCL claim under the unlawful prong, Plaintiff has failed to allege any unlawful activity, though he was previously given leave to assert a claim based on allegations of TCPA violations that are not renewed in the TAC. *See* Order re Mots. at 7.

Moreover, Plaintiff has again failed to adequately allege standing under the UCL. Plaintiff was on notice that he must allege loss of money or property as a result of Defendant's unfair

10

competition in order to have standing to pursue claims under the UCL.  *See* Order re Mots. at 7;

Order Granting Mot. to Dismiss FAC at 8; *Kwikset v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011).

Plaintiff adds little in the TAC to rescue his claim from the deficiencies identified in this Court's

prior orders, again alleging that:

> Defendant has caused economic damages to Plaintiff . . . causing,
> among may violations of law to Plaintiff, Plaintiff's sever [sic]
> anxiety, shortness of breath, fear, headaches, humiliation and
> embarrassment, hypertension, hysteria, irritability, nausea, privacy
> loss, relationships affected, reputation affected, stomach pain and
> other violations which are economic injuries to Plaintiff.

TAC ¶ 24; *see also id.* ¶ 49.  Plaintiff also alleges that his "efficiency has been substantially

reduced to about 5%" by Defendant's conduct and he calculates this as "net economic damages to

Plaintiff to be $950,000." *Id.* ¶ 49.  These allegations are nearly indistinguishable from the

injuries that the Court found insufficient to sustain UCL standing in the FAC, and Plaintiff makes

no further showing that he has lost money or property as a result of Defendant's alleged

misconduct.  *See* Order Granting Mot. to Dismiss FAC at 9.  Accordingly, Defendant's Motion to

Dismiss is GRANTED with respect to Plaintiff's UCL claims (Ninth and Thirteenth COAs).

### E.    Accounting (Tenth COA)

"An accounting may take the form of a legal remedy or an equitable claim."  *Hafiz v.

Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009).  The allegations

in the TAC do not present a claim for either.  To the extent he is seeking a legal remedy, Plaintiff's

request for accounting is not tethered to a relevant actionable claim.  Moreover, as Defendant aptly

points out, Plaintiff alleges in the TAC the exact amount that he paid to Defendant and the number

of payments made, thus undercutting any alleged need for an accounting.  Def.'s Mot. 8; *see* TAC

¶ 48.  As an equitable claim, Plaintiff alleges no fiduciary relationship between himself and

Defendant or any other extraordinary circumstance warranting the exercise of equity jurisdiction.

*See Hafiz*, 652 F. Supp. 2d at 1043-44.  Defendant's Motion to Dismiss is therefore GRANTED as

to Plaintiff's Tenth COA for accounting.

United States District Court
Northern District of California

11

**F.    "Tort" (Eleventh COA) and "Malicious Conduct" (Twelfth COA)**

Plaintiff's claims for "Tort" (Eleventh COA) and "Malicious Conduct" (Twelfth COA) appear to be state law claims. The Court agrees with Defendant that these claims are not properly pled because it is not clear from Plaintiff's prolix allegations what theory of tort liability he is attempting to advance (the Court construes the "malicious conduct" claim as one for some sort of intentional tort). *See* Def.'s Mot. 8-9. Plaintiff's opposition brief offers no elucidation on these claims. Moreover, the Court previously dismissed Plaintiff's negligence claim without leave to amend, and the Court will not countenance Plaintiff's attempt to revive such a claim without appropriate justification. *See* Order re Mots. at 3-4. In any event, because all of Plaintiff's federal law claims are to be dismissed, this Court declines to exercise supplemental jurisdiction over his state law claims and accordingly GRANTS Defendant's Motion to Dismiss as to the Eleventh and Twelfth COAs. 28 U.S.C. § 1367(c).

**G.    Whistle Blower Claim (Fourteenth COA)**

The claim titled "IRS Whistel [sic] Blower Program (Under the Unlawful Prong of UCL)" is difficult to understand. Plaintiff alleges that the Internal Revenue Service runs a program that "pays money to people who blow the whistle on persons who fail to pay the tax that they owe." TAC ¶ 147. Because Defendant has allegedly securitized Plaintiff's loan in a series of fraudulent transactions on which Defendant did not pay taxes, Plaintiff seeks to blow the whistle on Defendant. *See id.* ¶¶ 148-150. However, Plaintiff cannot successfully do so because Defendant has not provided "the true double entry accounting general ledger through GAAP accounting incorporating all credits and debits from the master servicer of the alleged trust," and Plaintiff alleges that it is "inequitable" to allow Defendant to do so because it "would deprive Plaintiff from award of the IRS whistleblower program." *Id.* ¶ 150.

There is no cognizable claim for relief here. The IRS program is administered by that agency, and this Court could not award the reward that Plaintiff seeks. Construed liberally, this claim actually appears to be a request for discovery into Defendant's accounting records so that Plaintiff can blow the whistle on Defendant's alleged misconduct, but Plaintiff has shown no entitlement to such records. Defendant offers little assistance to the Court, arguing cursorily that

United States District Court
Northern District of California

1   "[t]his is not a 'cause of action.'"  Def.'s Mot. 9.  Plaintiff's brief is equally unhelpful, as he faults

2   Defendant's conclusory argument but then offers little authority or explanation for the claim.  *See*

3   Pl.'s Opp. 21 (admitting that this is in relation to a discovery request and citing *Teselle v.*

4   *McLoughlin*, 173 Cal. App. 4th 156, 179 (2009), which does not appear to bear any relevance to

5   this claim).  It is Plaintiff's pleading burden to demonstrate a plausible entitlement to relief, not

6   Defendant's burden to prove that Plaintiff's claim does not exist.  Even construing the allegations

7   with extreme liberality, the Court cannot discern a cognizable claim in the Fourteenth COA.  The

8   Court accordingly GRANTS Defendant's Motion to Dismiss Plaintiff's claim for "IRS Whistel

9   Blower Program (Under the Unlawful Prong of the UCL)" (Fourteenth COA).[7]

10      **H.  Attorney Fees (Fifteenth COA)**

11          As discussed above, Plaintiff has no viable substantive claims in connection with which

12  the Court could award attorney fees.  Moreover, Plaintiff is a "self represented non attorney," Pl.'s

13  Opp. 1, and is not entitled to such fees.  Defendant's Motion to Dismiss is therefore GRANTED

14  with respect to Plaintiff's claim for attorney fees (Fifteenth COA).

15      **I.  Leave to Amend**

16          This is the Third Amended Complaint, and Plaintiff has had two opportunities to amend

17  with court guidance on the areas of deficiency.  Order re Mots.; Order Granting Mot. to Dismiss

18  FAC.  Plaintiff has failed to address those deficiencies with respect to the UCL claims, has sought

19  to revive previously rejected claims, and has added a number of new claims based on the same

20  flawed legal theory rejected in the Court's prior orders.  The Court furthermore notes that Plaintiff,

21  though *pro se*, is a sophisticated litigant who has filed a number of similar lawsuits in this district

22  and received the benefit of judicial guidance on almost all of the claims asserted in the TAC.  *See*

23  *Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 5:13-cv-03131-WHO, 2014 WL 595067 (N.D. Cal.

24  Feb. 14, 2014); *Sepehry-Fard v. Aurora Bank FSB*, No. 5:12-cv-00871-EJD, 2013 WL 2239820

25  (N.D. Cal. May 21, 2013); *Sepehry-Fard v. The Bank of New York Mellon, N.A.*, No. 5:12-CV-

26  12600 LHK, 2013 WL 4030837 (N.D. Cal. Aug. 5, 2013).  As such, because it is unlikely that

27  _____

28  [7] To the extent this claim invokes the UCL, Plaintiff has failed to adequately allege standing to sue under the UCL, as explained above.

1   "the underlying facts or circumstances relied upon by [Plaintiff] may be a proper subject of relief,"

2   and given Plaintiff's repeated failure to address the deficiencies identified by the Court, as well as

3   the bad faith that Plaintiff has demonstrated through asserting increasingly indecipherable claims

4   against Defendant, the Court finds that further leave to amend would not be in the interest of

5   justice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

6   **IV.    PLAINTIFF'S MOTION**

7        On October 17, 2014, Plaintiff filed a "Motion for Proof of Authority of Alleged Attorney

8   to Represent Alleged Defendant and Request for Partial Summary Judgment."  Pl.'s Mot., ECF

9   112.  As evinced by the title, Plaintiff seeks production of defense counsel Byron J. Bahr's

10  "alleged contract [if he has one] with alleged Defendant proving in fact that Bahr is representing

11  alleged Defendant," *id.* at 2, as well as partial summary judgment on Plaintiff's claim for "unjust

12  enrichment [or whatever other terms one wants to call alleged Defendant's literal theft of

13  Plaintiff's monies]," *id.* at 9, and an award in the sum of "$532,805.94 plus punitive and special

14  damages at court's discretion plus attorney fees at court's discretion," *id.* at 10.

15       Plaintiff challenges Defendant's legal right to collect on the underlying car loan but

16  identifies no facts or authority to suggest that this Court should question Mr. Bahr's attorney-client

17  relationship with Defendant.  More to the point, because this Court has determined that all of

18  Plaintiff's claims must be dismissed with prejudice, Plaintiff's motion is DENIED as moot.

19  **V.    ORDER**

20       For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to

21  Dismiss the TAC is GRANTED.  The First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth,

22  Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Causes of Action are dismissed with prejudice.

23  The Court declines to exercise supplemental jurisdiction over the Eleventh and Twelfth Causes of

24  Action.  The Clerk of the Court shall close the case file.

25       **IT IS SO ORDERED.**

26  Dated: March 2, 2015

27  _____
    BETH LABSON FREEMAN
28  United States District Judge

14